Texas & Pacific Railway Company v. Walter Hunt & Company.

Decided March 15, 1905.

**1.—Appeal—Jurisdiction—Amount.**

On appeal from Justice Court, the plaintiff can not, by amendment, increase his claim to an amount beyond the jurisdiction of the court from which the appeal was taken. By so doing he deprives the Appellate Court of jurisdiction.

**2.—Amount in Controversy—Damages—Interest.**

In an action to recover for damages to a shipment of vegetables, interest

on the amount of the original damage is allowed as damages, and is included in the amount in controversy by which jurisdiction is determined.

Appeal from the County Court of Dallas County. Tried below before Hon. Ed. S. Lauderdale.

*Stanley, Spoonts & Thompson* and *Marshall Spoonts,* for appellant.— This suit being instituted originally in the Justice Court for the sum of $189.46, with interest from January 1, 1903, was within the jurisdiction of the Justice Court; but plaintiffs having filed, before a trial was had (November 13, 1903), an amended petition or statement, alleging damages in the sum of $189.46, with interest thereon from date of injury, the amount in controversy was thereby made $203.66, interest being only recoverable as part of the damages, an amount in excess of the jurisdiction of the Justice Court, and said Justice Court was without jurisdiction to render any judgment, and the judgment rendered in the Justice Court in a trial upon such amendment, and that rendered in the County Court upon an appeal therefrom, were void.

Where interest is sought to be recovered in an action for unliquidated damages from the date of the injury complained of, such interest is only recoverable as part of the damages, and is to be considered a part of the amount in controversy. Hoffman v. Building and Loan Assn., 85 Texas, 410; Ball v. Hagy, 54 S. W. Rep., 915; Times Pub. Co. v. Hill, 36 Texas Civ. App. Rep., ——; Baker v. Smelser, 88 Texas, 26; Gulf, C. & S. F. Ry. Co. v. Shepperd, 8 Texas Ct. Rep., 460; Western U. Tel. Co. v. Noland, 34 Texas Civ. App., ——.

*W. L. Mansfield,* for appellee.—Where an amount is claimed beyond the jurisdiction of the court, either by inadvertence or otherwise, pleadings may be amended so as to show jurisdiction of amount in controversy. McDannell & Co. v. Cherry, 64 Texas, 177; Reed v. Harris, 37 Texas, 167; Western U. Tel. Co. v. Durham, 17 Texas Civ. App., 311; Smith v. McGaughey, 13 Texas, 464; Ward v. Lathrop, 11 Texas, 287; Puckett v. Richardson Drug Co., 20 S. W. Rep., 1128; Miller v. Newbauer, 61 S. W. Rep., 975; Wood County v. Cate, 75 Texas, 219. Pleadings in Justice Court may be partly oral and partly written. Hackney v. Schow, 21 Texas Civ. App., 616.

The amount in controversy at the time judgment is rendered in Justice Court fixes status of case as to appellate jurisdiction of County Court. Barnes v. Feagon, 74 S. W. Rep., 329.

In a suit of this character, viz., for unliquidated damages, the plaintiffs in trial court had a right to claim all or any part of the interest thereon from date of damage. Western U. Tel. Co. v. Durham, 17 Texas Civ. App., 311.

KEY, ASSOCIATE JUSTICE.—Appellees brought this suit in a Justice of the Peace Court September 16, 1903, to recover damages to a shipment of vegetables. The original complaint sought to recover $189.46, denominated damages, and interest thereon from the 1st day of January, 1903. These two sums did not exceed $200. On November 13, 1903, the plaintiffs amended their petition, setting up the same amount of in-

jury, and claiming interest from the date of the injury, to wit, August 8, 1902. An entry on the docket of the justice of the peace, made November 13, 1903, states that the plaintiffs orally waived their claim for interest from date of damage, and claim interest from January 1, 1903.

The case was then tried, and thereafter appealed to the County Court. In the latter court the plaintiffs filed an amended petition, claiming that the property was damaged $189.46, and claiming interest on that amount from January 1, 1903. The amended petition was filed on the day the case was tried, April 18, 1904. The trial resulted in a judgment for the plaintiffs for $204.15, and the defendants have appealed.

The first, second and third assignments of error raise the question of the jurisdiction of the County Court to try the case; appellant's contention being that, according to the pleading on which the plaintiffs went to trial, the amount in controversy was more than $200. By the terms of the Constitution, and the statute made in pursuance thereof, the jurisdiction of a Justice of the Peace Court is limited to $200 exclusive of interest. Also, when a case is appealed from a Justice of the Peace Court to the County or District Court, the rule is that the parties can not enlarge the issues or the demand sued upon beyond justice of the peace jurisdiction.

It is also settled law that the term "interest," as used in the Constitution and statutes fixing jurisdiction of the several courts, has a limited signification; and that, in cases of this character, a claim for interest is part of the amount in controversy. (Baker v. Smelser, 88 Texas, 26; Western U. Tel. Co. v. Noland, 34 Texas Civ. App., 417, 8 Texas Ct. Rep., 888; San Antonio & A. P. Ry. Co. v. Addison, 96 Texas, 61; Gulf, W. T. & P. Ry. Co. v. Fromme, 98 Texas, 459, 84 S. W. Rep., 1054.)

According to these authorities, the amount sought to be recovered in this case, as interest, must be regarded as damages constituting a part of the amount in controversy; and, so considered, the aggregate amount in controversy, as disclosed by the last amended petition, exceeded $200, and the court was without jurisdiction to try the case. When the case reached the County Court that court had jurisdiction, but lost it thereafter by the plaintiffs filing the amended petition upon which they went to trial, claiming interest to that date.

The jurisdiction of this court being limited to cases of which District and County Courts have jurisdiction, and the County Court being without jurisdiction in this case, it follows that this court has no jurisdiction to consider other questions. It has the power to determine the question of jurisdiction of the County Court, and to reverse on account of error in that regard, but not for other purpose. (Hearn v. Cutberth, 10 Texas, 216.)

The judgment is reversed and cause remanded, with instructions to dismiss the suit unless appellees reduce their demand to $200.

*Reversed and Remanded.*