W. H. IRVIN v. JAMES JOHNSON ET AL.

Decided December 11, 1906.

**1.—Deed to Married Woman—Separate Property—Burden of Proving.**

Land acquired by the wife during marriage by deed containing no recital that it is for her separate estate is presumed to be community property, and the burden of proof is on those claiming it as her separate estate to show that fact.

**2.—Deed as Mortgage—Burden of Proof.**

When it is sought to show that a deed absolute in form is, in fact, a mortgage, the burden is on him who asserts that fact, and the proof must be clear and satisfactory.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Brashear & Dannenbaum,* for plaintiff in error.—A homestead which is property apparently belonging to the community estate may be sold by the surviving husband in payment of community debts, and the purchaser will be protected, unless the property was in fact separate estate of the wife, and he knew, or had notice of, such fact. Cooke v. Bremond, 27 Texas, 461; French v. Strumberg, 52 Texas, 109; Sanburn v. Schuler, 3 Texas Civ. App., 633; Word v. Box, 66 Texas, 601; Derrett v: Britton, 10 Texas Ct. Rep., 26; Ashe v. Yungst, 65 Texas, 636; Fagan v. McWhirter, 71 Texas, 569; Gaines v. Gaines, 4 Texas Civ. App., 409.

The survivor in community is not required to sell for the exact amount of the debt in order to convey a good title. Manchaca v. Field, 62 Texas, 142.

The lot having been deeded to Fannie Johnson during coverture with James Johnson, was presumed to be community property between them, and the court should have charged the jury that the burden rested upon the defendants to show that it was conveyed to her as a gift. Morris v. Hastings, 70 Texas, 29; Chittim v. Martinez, 60 S. W. Rep., 258; Crutcher v. Schick, 10 Texas Civ. App., 678.

*A. C. Van Velzer* and *R. J. Thacker,* for defendant in error.

GILL, CHIEF JUSTICE.—W. H. Irvin brought this action of trespass to try title to recover of James and Fannie Johnson, husband and wife, and Sarah and Vina Johnson, minors, a piece of real estate situated in Houston, Texas.

The minors answered pleading not guilty, limitation, and that the property being the separate property of their mother did not pass by their father's deed. That their father's wife who joined in the deed of conveyance on which plaintiff rested his claim was not their mother but their stepmother. That they are the sole surviving heirs of their mother and the property belongs to them.

James and Fannie Johnson pleaded not guilty and prayed for the cancellation of the deed, under which plaintiff claims, upon two grounds: First. That it had been obtained by fraud and without consideration, and Second. That it was in fact a mortgage for the security of a debt and the property therein sought to be conveyed was homestead at the date of the deed.

The plaintiff filed a supplemental petition denying generally the allegations of defendant, averring specially that the property was the community property of James Johnson and his first wife and that the conveyance was made by Johnson to pay community debts of that marriage. Further, that plaintiff had no notice of the fact that the former wife owned the property in her separate right, if such was the fact, but

acquired it for value believing it to be the community property of the first marriage.

The cause was submitted to a jury upon special issues and upon the answers judgment was rendered for defendants.

The facts are as follows: During the marriage of James Johnson and Fannie Wyatt Johnson, his first wife, the land in controversy was conveyed by deed to the first wife. The deed contained no recital that it was conveyed. to her for her separate use nor any language of like import. She and her husband lived on it as a homestead until her death. Evidence was adduced tending to show that it was conveyed to her as a gift from her mother. Fannie left surviving her six children of her marriage with James Johnson. All except the two minor defendants have since died unmarried and without issue. James Johnson thereafter married his present wife and they continued to occupy the premises as a homestead.

Suits had been brought against them for taxes which had accrued against the property, a part of them having accrued during the first marriage. The suits had ripened into judgment, and the property had been advertised for sale. On the — day of ——, 19—, James Johnson and his present wife executed and delivered to plaintiff Irvin a deed absolute on its face conveying the property to him for a recited consideration of $400. Testimony adduced by plaintiff tended to show that $287 cash was paid to Johnson and that the balance of the $400 went to the discharge of the judgment and costs and to the payment of a small account due by Johnson to plaintiff's firm. Defendant Johnson's evidence tended to show that the deed was in fact intended as a mortgage. That it was so understood by both parties. That he was unable to read and write and did not know that the paper was a deed absolute in form, and that he was informed by Irvin that it was a mortgage. That he was induced to execute the paper in its present form by deception and fraud and that he had received no money at the hands of Irvin.

The jury found that the deed was not knowingly delivered as a deed, but was intended as a mortgage and that there was an agreement that as soon as Johnson should pay the sum advanced by plaintiff the lots should be reconveyed. They also found that the land was the separate property of the former wife and that plaintiff had knowledge of facts which should have provoked an effective inquiry upon the point. Upon all these issues the evidence was sharply conflicting.

The legal consequence of the finding that the property was the separate property of the former wife and that the plaintiff should have known it, would not have been a general judgment against the plaintiff because the husband would nevertheless have held a one-third life estate in it, plus such interest as he inherited from the deceased children, and all this would have passed by the deed if it was in fact intended as a deed. But the finding that the deed was in fact a mortgage justified the general judgment because the property was homestead and the instrument was not sought to be enforced in any other form than as a conveyance. Errors, therefore, affecting alone the question of separate property *vel non* might well be treated as harmless if the finding that the deed was a mortgage is supported by the evidence and was properly submitted.

It appears, however, that an error was committed which bears materially upon both issues and which in no aspect of the case can be regarded as harmless. The court though submitting the case upon special issues charged generally that the "burden of proof was upon the plaintiff to make out his case by a preponderance of the testimony." The property having been acquired by the former wife during the marriage the burden was upon the minors to show facts which gave it its separate character. The first paragraph of special charge number 5, requested by plaintiff, should have been given upon this issue. (Morris v. Hastings, 70 Texas, 29; Pugh v. Coleman, 44 S. W. Rep., 578.) The charge given was peculiarly erroneous on the issue of mortgage *vel non*. The deed was absolute on its face. The defendants sought in a sense to engraft thereon a parol trust and it is universally held not only that in such case the burden is on the one who asserts the trust, but that it can only be discharged by clear and satisfactory proof. Lest the trial court be misled by this last remark we add that it is not proper to charge the jury that the proof must be clear and satisfactory. Such charges have been held to be upon the weight of evidence. It is enough to place the burden of proof where it properly belongs.

It is entirely unnecessary for us to dispose in detail of the various assignments of error. Many requested charges were properly refused because the court submitted the cause upon special issues and the charges related more properly to a general submission of the cause. The issues of separate property, of notice and of mortgage *vel non* were presented by the evidence, hence peremptory instructions upon these points were properly refused. We make no comment upon the weight of the evidence. The principles which control the issues arising in this case have been often adjudicated and are well settled. We do not consider it necessary to discuss them.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*