## M. G. BUCHANAN v. T. C. BARNSLEY.

Decided June 6, 1908.

**1.—Public School Land—Lease—Sale.**

The Commissioner of the General Land Office has no authority to sell public school land pending a valid lease thereon.

**2.—Same—Extension of Lease.**

Public lands belonging to the State are intended primarily for sale, and the Commissioner of the General Land Office has no power to cancel an existing lease and immediately thereafter issue a new lease for a further period of time merely because the lessee may desire such extension.

**3.—Same—Lease—Invalidity—Evidence.**

Evidence considered, and held sufficient to sustain a finding by the trial court that the action of the Commissioner of the Land Office in cancelling a lease and immediately thereafter issuing another lease to the assignee of the first lease for a new and longer term was void.

**4.—Same—Sale or Lease—Suit to Annul—Statute Construed.**

Where the State, acting by and through its Commissioner of the Land Office, has cancelled a lease and sold the land to a third party, no further action is necessary to annul the lease. The Act of 1905 (Gen. Laws, 1905, p. 35) requiring suit to be filed within one year from the date of the Act or the date of the lease, applies only to cases where the State has taken no action and recognizes the lease or sale as valid.

Appeal from the District Court of Ector County. Tried below before Hon. James L. Shepherd.

*Caldwell & Whitaker*, for appellant.—The court erred in instructing the jury to return a verdict for the defendant in this case, because lease No. 31919, issued by Commissioner of the General Land Office of the State of Texas to the plaintiff, under which lease plaintiff claims the lands in controversy is a valid existing lease. West v. Terrell, 74 S. W., 905; Hood v. Pursley, 87 S. W., 870; Davis v. Tillar, 74 S. W., 921; Jones v. Wright, 84 S. W., 1053.

M. G. Buchanan's lease No. 31919 having stood without attack for more than one year since the said limitation statute of 1905 went into effect, defendant can not now attack the validity of said lease. Acts 27th Legislature, page 294, chapter 125, also page 296; Act of 1905, 29th Legislature, page 35, chapter 29; Murphy v. Terrell, 100 S. W., 130; Weyert v. Terrell, 100 S. W., 133; Slaughter v. Terrell, 102 S. W., 400.

*Canon & Leslie* and *Hudson & Starley*, for appellee.—Appellee having shown the existence of the Harrington lease, and having shown that the facts did not exist authorizing its cancellation, the lease to Buchanan was void. Ketner v. Rogan, 68 S. W., 774; Fish Cattle Co. v. Terrell, 80 S. W., 73; Thomson Bros. v. Lynn, 81 S. W., 330; West v. Terrell, 74 S. W., 905.

Appellee having been awarded the lands in controversy the burden is upon appellant to affirmatively show the lack of power in the Commissioner to make the award. Hood v. Pursley, 87 S. W., 870.

The limitation Act of 1905 only applies to cases where the State recognizes the validity of the lease or sale. Act of 1905, 29th Legislature, page 35, chapter 29; Slaughter v. Terrell, 102 S. W., 401; Weyert v. Terrell, 100 S. W., 133; Murphy v. Terrell, 100 S. W., 130.

The award by the Commissioner of the General Land Office to appellee was sufficient to show that the State did not recognize the validity of appellant's lease. Slaughter v. Terrell, 102 S. W., 401.

SPEER, ASSOCIATE JUSTICE.—This is a suit in trespass to try title instituted by appellant to recover from defendant sections 41, 42, 43 and 44 in block 32 of the public school lands in Crane County. The trial court instructed a verdict in favor of the defendant and from the judgment based thereon the plaintiff has appealed.

It is contended by appellant that the instruction for the appellee was wrong for the following reasons:

First, it was proved that appellant was the owner of lease No. 31919, covering the lands in controversy, issued by the Commissioner of the General Land Office on October 31, 1900, for a period of ten years from the 27th day of October, 1900, and that all rentals thereon to the State had been paid. Appellant's insistence is that while the evidence showed an award to appellee on April 20, 1907, no presumption will arise in favor of the action of the Commissioner in making the award as against his action in making the lease; that the presumptions are in favor of the lease as against the award, since the Commissioner had no authority to make the award pending a valid lease of the lands to appellant. This

contention in the abstract is correct (Smithers v. Lowrance, 100 Texas, 77), but appellee is not forced to rely wholly upon the presumption usually attaching to the act of an official. He attacks appellant's lease because it covers lands previously included in a lease to one, Harrington, No. 19869, of date October 20, 1897, for a term of five years from September 2, 1897. Appellant's lease covers the identical land of the Harrington lease, save that it contains one section not included in the Harrington lease. There was a formal transfer of the Harrington lease to appellant, dated November 27, 1899, which transfer, indorsed on the back of the lease, appears to have been filed in the General Land Office on the same day. Appellee introduced in evidence a certificate of cancellation of lease No. 19869 for failure to pay the fourth annual rental, which certificate was dated November 2, 1900. He also introduced in evidence a certificate from the State Treasurer showing the payment on October 27, 1900, by Buchanan of the sum of $921.60, first annual payment on his lease, No. 31919, and also the further sum of $136.30 as "back rent." From this testimony we think it quite clear that appellant's lease, No. 31919, was inhibited under the law, as announced in Ketner v. Rogan, 95 Texas, 559. It is there declared to be the policy of our laws that the public lands belonging to the State are intended primarily for sale, and that the Commissioner of the General Land Office has no power to cancel an existing lease and immediately to issue a new lease for a further period of time, merely because the lessee may desire such extension. To do so is in effect to withhold the land indefinitely from settlement and sale.

Appellant contends that the evidence fails to show that the Harrington lease was a valid lease at the date of the execution of his lease, No. 31919, and that therefore, by reason of the presumption of the regularity of the Commissioner's act in making the latter lease, we should hold that the Harrington lease was properly subject to cancellation for nonpayment of rentals. But we are of the opinion that the evidence above set forth establishes the fact that the Harrington lease was a valid lease on the day appellant's lease bears date. The action of the Commissioner in cancelling the Harrington lease for the nonpayment of the fourth annual rental (as to which there was no default when appellant's lease was issued) tends strongly to show that all previous payments had been made. The assignment of the lease to appellant and his consequent liability for the payment of the lease money, together with his payment at the time of taking the renewal lease, is further evidence that the Harrington lease continued to be a valid lease, since the law, it seems, would apply such payment to the rentals accruing on the first lease, notwithstanding he may have intended and directed a contrary application. (Thomson Bros. v. Lynn, 36 Texas Civ. App., 79.) But beyond this, the certificate of the State Treasurer, showing the payment by appellant of "back rent," was properly referable to the Harrington lease, since a calculation shows that to have been approximately the amount due on that lease, and appellant, although he testified as a witness, offered no explanation whatever. So that we hold upon this issue that appellant's lease was shown to be void and therefore no obstacle to the award to appellee.

Appellant's next contention is that though his lease should be held to

be void, yet appellee can not take any advantage of its invalidity, "because no action or proceeding has ever been brought by the State of Texas to establish the invalidity of the lease, and said lease has stood without attack by anyone for more than one year since the enactment of the limitation statute of 1905." The statute thus invoked is as follows: "That hereafter all persons claiming the right to purchase or lease any public free school lands or any lands belonging to the State University, or either of the State asylums, which have been heretofore or which may be hereafter sold or leased to any other person under any provision of the law authorizing the sale or lease of any of said lands, shall bring his suit therefor within one year after this Act goes into effect, or after the date of the award of such sale or lease, if such award is made after the taking effect of this Act, and not thereafter. Sec. 2. If no suit has been instituted by any person claiming the right to purchase or lease any of said land within the period of time limited in the first section of this Act, it shall be conclusive evidence that all requirements of the law with reference to the sale or lease of such lands have been complied with; provided, that nothing in this Act shall be construed to affect the State of Texas in any action or proceeding that may be brought by it in respect to any of said lands." But we construe the opinion in the case of Slaughter v. Terrell, 100 Texas, 600, as deciding this question contrary to appellant's contention. In applying that Act to a state of facts not unlike the present, Mr. Justice Brown, for the Supreme Court, uses the following language: "Clearly, this applies only to cases where the State recognizes the validity of the purchase being attacked, and does not apply to a case like the present, where there had been a forfeiture of the former purchase by the Land Commissioner and the land again put upon the market. There is no necessity for a suit by a purchaser of forfeited land." It was evidently not the intention of the framers of this Act to deny to the State any of the rights which it had previously exercised through its duly appointed agents with reference to the public lands. The provision that nothing in the Act shall be construed to affect the State of Texas in any action or proceeding that may be brought by it, certainly should not be held to abridge any of the rights previously exercised by the State through her Commissioner under other statutes in no manner repealed by the terms of the Act in question.

Finally, appellant contends that the evidence raised an issue upon which he should have been allowed to go to the jury under his rights, as assignee of Joe S. Benge and T. H. Benton, who applied to purchase sections 42 and 43 respectively. Without detailing all the evidence on this issue, we content ourselves with announcing the conclusion that the effect of the undisputed evidence was to show that these applicants, who applied for the sections mentioned on September 3, 1902, fully acquiesced in the rejection of their applications by the Commissioner, and their subsequent conduct in respect to the land was wholly incompatible with the bona fide intention on their part to assert title to the same. See Hamilton v. Gouldy, 46 Texas Civ. App., 507.

The trial court therefore committed no error in instructing a verdict, as he did, and the judgment is affirmed.

*Affirmed.*

Writ of error refused.