### D. K. Fitzhugh v. M. T. Johnson.

Decided November 12, 1910.

**1.—Practice—Undisputed Fact.**

When a fact is undisputed, it is not error to refuse to submit it to the jury as an issue.

**2.—Special Issues—Omission of Issue—Judgment—Presumption.**

When a case is tried upon special issues, and a material issue is not submitted or requested to be submitted, it will be presumed that the court determined the issue in such a way as to support the judgment rendered.

**3.—Purchase of School Land—Abandonment of Application—Evidence.**

When an applicant to purchase school land, after an award has been made by the Land Commissioner to another, accepts from the State Treasurer and retains the money which he had deposited with the Treasurer at the time of filing the bid for the land, an issue of fact is thereby raised as to whether or not said applicant had abandoned his application to purchase.

**4.—Same—Failure to Make Deposit—Substitute Purchaser.**

Evidence considered, and held to show a good title in a substitute purchaser of school land even though the sale to the original purchaser was void because of failure on his part to deposit the first payment with the State Treasurer as required by law.

Appeal from the District Court of Ector County. Tried below before Hon. S. J. Isaacks.

*A. S. Hawkins, E. C. Canon* and *Charles Rogan,* for appellant.—It is a condition precedent to the sale of school land that the applicant shall have deposited his first payment with the State Treasurer on the day his application was filed in the General Land Office, and an attempted sale to one who had not complied with such condition is absolutely void. Rawls v. Terrell, 105 S. W., 488; Hendrix v. Gracey, 50 S. W., 137; Whitis v. Robison, 117 S. W., 429.

Each of appellee's successors in the title should at the date of their transfers have become actual bona fide settlers on the land for the purpose of making the same their home. Spence v. Dawson, 70 S. W., 73; Thompson v. Hubbard, 69 S. W., 649.

*Frank A. Judkins,* for appellee.—When an applicant to purchase school lands, offering the highest price therefor, has his first payment in the State Treasury at the time the applications are reached in the regular order of business in the Land Office, he should be awarded the land. Rawls v. Terrell, 105 S. W., 488; Whitis v. Robison, 117 S. W., 429.

Even if it be conceded that the sale to Fisher was void when made, then when Nevills was substituted in the Land Office he became a purchaser direct from the State, there being no obstacle to the sale to Nevills, as Fitzhugh had withdrawn his money and could not at that time have been legally awarded the land. Johnson v. Bibb, 75 S. W., 71; Burnett v. Wommock, 85 S. W., 1199.

If appellant ever acquired any rights in the lands in controversy, he lost same in withdrawing his money from the State Treasury, and in abandoning the lands, thereby acquiescing in the action of the Land Commissioner and is by his own acts and conduct estopped from asserting title to said land at this late day. Hamilton v. Gouldy, 103 S. W., 1117.

· SPEER, ASSOCIATE JUSTICE.—This is a school land case, in which Mrs. M. T. Johnson seeks to recover four sections of land from D. K. Fitzhugh. From a judgment in favor of plaintiff the defendant has appealed.

The cause was submitted on special issues, the answers to which establish the fact that appellee and certain of her predecessors in title were bona fide settlers on, and continued to occupy in good faith, the land in controversy.

Appellant's assignment that the court erred in refusing to instruct the jury to return a verdict in his favor raises the only question for our determination, for it appears to be undisputed that A. F. Fisher, appellee's remote vendor, had not paid into the State Treasury the first payment on the land in question on April 3, 1907, the day on which he and appellant both filed their applications and bids to purchase the land.

This fact being undisputed, it was not error, then, to refuse to require the jury to make a finding on it. And it is because of this undisputed fact that appellant insists his summary instruction should have been given.

Appellant and A. L. Fisher both filed applications and bids to purchase the land on April 3, 1907. Appellant at the time deposited the necessary cash payment with the State Treasurer, but Fisher did not. Fisher's bid being the higher, the Commissioner of the General Land Office awarded the land to him, and on May 16, 1907, the State Treasurer returned appellant's cash payment. One, Nevill, was duly substituted for Fisher as purchaser of the land on July 19, 1907, and it was this settlement and occupancy of Nevill and subsequent vendees which the special findings of the jury affirmed. Appellant did not return the cash payment to the State Treasurer until March 27, 1908. It will be thus seen that an issue was raised as to appellant's abandonment of the purchase. This issue was not submitted or requested to be submitted to the jury, and, under the statute, the presumption is that the court found upon it in such a way as to support the judgment rendered. If appellant abandoned his purchase of April 3rd, then the substitution of Nevill was complete and took the land off the market, even though the attempted sale to Fisher was void for his failure to deposit the first payment with the State Treasurer already referred to. Johnson v. Bibb, 32 Texas Civ. App., 471 (75 S. W., 71); Burnett v. Wommock, 85 S. W., 1199. That appellant's conduct in acquiescing in the return by the State Treasurer of his cash payment would raise the issue of abandonment of the purchase, see Hamilton v. Gouldy, 46 Texas Civ. App., 506 (103 S. W., 1117); Buchanan v. Barnsley, 51 Texas Civ. App., 253 (112 S. W., 118). We can not hold with appellant, then, that the court erred in not directing a verdict in his favor.

The only remaining assignment attacks the verdict and judgment as being unsupported by the evidence, and sets forth the respects wherein the judgment is alleged to be contrary to the preponderance of the evidence, but does not exhibit the state of the evidence upon this issue of abandonment by appellant. Besides, the evidence supports the verdict.

No error has been assigned which would call for a reversal of the judgment and it is, therefore, affirmed.

*Affirmed.*

Writ of error granted, reversed and rendered, 105 Texas, 318.