BARNETT v. WARD.

(Court of Civil Appeals of Texas. Texarkana. Feb. 1, 1912.)

1. JUSTICES OF THE PEACE (§ 174*)—APPEAL —PLEADINGS—AMENDMENT—JURISDICTION.

Where an action of debt was brought in justice court and a writ of attachment was issued and levied, and the defendant filed a plea of reconvention claiming that the attachment was wrongful and asking damages therefor, it was error for the county court upon appeal to permit the plea of reconvention to be amended so as to claim a recovery in excess of $200.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. § 174.*]

2. SALES (§ 202*)—TRANSFER OF TITLE.

Where one purchased and paid for horses which were delivered to him, the title vested in him, instead of the seller, regardless of the fact that he borrowed the purchase money from a third person, and caused the seller to execute a bill of sale for such horses to the third person as security for the money borrowed.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 542–551; Dec. Dig. § 202.*]

3. EVIDENCE (§ 145*)—ADMISSIBILITY.

Testimony which is too remote should be excluded.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 434; Dec. Dig. § 145.*]

4. TRIAL (§ 191*) — INSTRUCTIONS — ASSUMPTION OF FACTS—WEIGHT OF EVIDENCE.

An instruction upon the issue of exemplary damages for a wrongful attachment, which assumed that the writ was maliciously and willfully sued out and levied, was erroneous, being on the weight of the evidence.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

Appeal from Delta County Court; C. C. Dunagan, Judge.

Action by J. M. Barnett against Charlie Ward. From judgment for plaintiff in part and for defendant in part, plaintiff appeals. Reversed and remanded.

J. L. Young, for appellant. Lane & Ratliff, for appellee.

WILLSON, C. J. Claiming that appellee was indebted to him in the sum of $80, appellant sued appellee in a justice court, and, on the ground that appellee was about to dispose of his property for the purpose of placing it beyond the reach of his creditors, had a writ of attachment issued and levied on two horses belonging to appellee and in his possession. Alleging that the horses were the only ones he owned, that he was the head of a family, and therefore that they were exempt to him, and that the attachment was "wrongfully, unjustly, maliciously, and without probable cause" sued out by appellant, appellee by a plea of reconvention in said justice court sought a recovery of appellant of $200 as damages suffered by him as the result of the taking of the horses by the officer. In said justice court a judgment for $100 was rendered in appellee's favor. In the county court he so amended his plea in reconvention as to claim a recovery against appellant of exemplary damages in the sum of $25 and of actual damages in the sum of $375. On his admission, it is assumed made to obtain the right to open and conclude in adducing his evidence and in the argument that appellant had a good cause of action as set forth in his petition; except so far as it might be defeated by the facts of his answer established on the trial, the county court rendered judgment against appellee in favor of appellant for $80, and on the verdict of the jury rendered a judgment in favor of appellee against appellant for $166. Being dissatisfied with the judgment, appellant prosecuted this appeal.

There are several reasons why the judgment should be reversed.

[1] 1. The court erred in not sustaining appellant's exceptions to appellee's amended plea in reconvention, on the ground that the damages thereby claimed amounted to a sum in excess of $200. On appeal to the county court of a cause originating in a justice court a defendant's plea in reconvention cannot be so amended as to claim a recovery in excess of the sum he could have claimed in the justice court. Ostrom v. Tarver, 28 S. W. 701; Railway Co. v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415; Railway Co. v. Hood, 125 S. W. 982.

[2] 2. Appellee claimed he owned only the two horses levied upon, and that part of the damage he suffered was due to the fact that, when he was deprived of the possession of

---

these horses, he was left wholly without animals of that kind. Appellant claimed that appellee also owned two other horses, and in support of his contention proved that on the day the writ was levied, but before it was levied, appellee purchased a horse of one McCarroll. Appellee proved that he borrowed of one King money with which to pay McCarroll for the horse, and as security for the loan agreed to give King a mortgage on the horse so purchased. Instead of giving King such a mortgage after he became the owner of the horse by his purchase thereof from McCarroll, appellee had McCarroll to execute and deliver to King a bill of sale purporting to convey the animal to King. With reference to this state of facts, the court charged the jury, in effect, that the title to the horse remained in McCarroll until appellee repaid to King the money he had borrowed of him to pay for the animal. As it was not pretended that at the time the levy was made the money borrowed by appellee had been repaid to King, the effect of the instruction was to tell the jury that the title to the horse was not then in appellee. The instruction was erroneous. The title to the animal was then in appellee. He had paid to McCarroll the purchase price agreed upon between them, and McCarroll had delivered the horse to him.

[3] 3. The testimony admitted over appellant's objection, and set out in his bill of exceptions No. 2, should have been excluded as too remote. Lang v. Fritz, 38 S. W. 233.

[4] We think the testimony authorized the submission to the jury of an issue as to exemplary damages. But the instruction given by the court on that issue was erroneous, because on the weight of the evidence, in that it assumed that the writ of attachment was maliciously and willfully sued out and levied on the horses.

The assignments numbered 2, 4, 5, 8a, 14, and 17 present matters not disposed of by what has been said. They are not believed to be meritorious, and are overruled. Other assignments, not so disposed of, either are too general to deserve consideration, or present questions not likely to arise on another trial, and therefore are not passed upon.

The judgment is reversed, and the cause is remanded for a new trial.