### J. F. SIENSHEIMER & CO. v. MARYLAND MOTOR CAR INS. CO. et al.

(Court of Civil Appeals of Texas. Austin. April 16, 1913. Rehearing Denied May 21, 1913.)

1. APPEAL AND ERROR (§ 743*)—ASSIGNMENTS OF ERROR—REFERENCE TO MOTION FOR NEW TRIAL.

Assignments of error not referring to the part of the motion for new trial wherein the error assigned is complained of, as required by rule 25 (142 S. W. xii), cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2999, 3011; Dec. Dig. § 743.*]

2. COURTS (§ 169*)—COUNTY COURTS—JURISDICTION — AMOUNT IN CONTROVERSY — "INTEREST."

Under Const. art. 5, § 16, fixing the maximum amount for which suit may be brought in the county courts at $1,000 exclusive of interest, the term "interest" means interest eo nomine, and not interest allowed as damages in actions for tort.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*

For other definitions, see Words and Phrases, vol. 4, pp. 3706–3709.]

3. COURTS (§ 169*)—COUNTY COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—DETERMINATION ON PLEADINGS.

While the county court, under Const. art. 5, § 16, fixing the maximum amount for which suit may be brought therein at $1,000, exclusive of interest, would be without jurisdiction where the damages claimed for a tort, with the interest thereon, exceeded $1,000 at the time the suit was filed, or under an amended petition taking the place of the original and setting up no new cause of action, it would not lose jurisdiction by reason of the fact that the in-

terest accumulating subsequent to the filing of suit caused the aggregate amount to exceed $1,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

4. COURTS (§ 92*) — RULES OF DECISION — "DICTUM."

"Dictum" is defined to be an opinion expressed by the court which, not being necessarily involved in the case, lacks the force of an adjudication.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335; Dec. Dig. § 92.*

For other definitions, see Words and Phrases, vol. 3, pp. 2051, 2052.]

5. COURTS (§ 169*) — JURISDICTION — AMOUNT IN CONTROVERSY—WHEN DETERMINED.

The jurisdiction of the county court under Const. art. 5, § 16, fixing the maximum jurisdiction at $1,000 exclusive of interest, is determined by the amount in controversy at the time the court is first called upon to exercise jurisdiction, which in the trial court is the amount claimed at the time suit is filed.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–425, 428–436, 443, 456, 458, 465; Dec. Dig. § 169.*]

6. APPEAL AND ERROR (§ 47*) — APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY.

In an appellate court the amount in controversy as determining its jurisdiction is the amount for which judgment could have been rendered in the judgment appealed from.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 202–227; Dec. Dig. § 47.*]

Appeal from Hays County Court; J. B. Wilson, Judge.

Action by the Maryland Motor Car Insurance Company and others against J. F. Siensheimer & Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

O. T. Brown, of San Marcos, and Kleberg & Neethe, of Galveston, for appellant. Barber & McKie, T. C. Johnson, Jr., and T. J. Saunders, all of San Marcos, for appellees.

JENKINS, J. [1] 1. Appellees object to the consideration of appellants' assignments of error for the reason that they do not comply with rule 25 (142 S. W. xii), in that they do not refer to that portion of appellants' motion for a new trial wherein the error assigned is complained of. This objection must be sustained. Said assignments do not refer to the motion for a new trial.

2. Appellants insist that fundamental error was committed against them for the reason that the court was without jurisdiction to try this case, or to render the judgment herein rendered. The facts upon which this contention is based are these: On July 10, 1911, appellee the Maryland Motor Car Insurance Company brought suit against appellants for $950 damages for failure to cancel a certain policy as agents of said company, and for 6 per cent. interest from June 11, 1911, the date when the cause of action is alleged to have accrued. On August 6, 1912, plaintiffs filed an amended petition, pleading the same cause of action, and alleging, as in original petition, that it had been damaged by reason of the acts of appellants in the sum of $950, and praying for judgment for that amount, together with 6 per cent. interest from said 11th day of June, 1911. The case was tried on said 6th day of August, 1912, and judgment was rendered for plaintiff for $950, with interest from June 6, 1911. It will thus be seen that at the time this suit was filed the principal and interest claimed was less than $1,000, and that at the time such suit was tried the accrued interest on said $950 had increased the amount then due to more than $1,000. Was the county court, by reason of this fact, deprived of jurisdiction to try this case, and, if not, could it render judgment for an amount in excess of $1,000?

[2] 3. Article 5, § 16, of the Constitution of this state, fixes the maximum amount for which suit may be brought in the county court at $1,000, exclusive of interest. It is well settled in this state that "interest," as used in this article of the Constitution, means interest eo nomine, and not interest allowed as damages in actions of tort. Railway Co. v. Faulkner, 118 S. W. 748; Baker v. Smelser, 88 Tex. 26, 29 S. W. 378, 33 L. R. A. 163; Railway Co. v. Fromme, 98 Tex. 459, 84 S. W. 1055; Railway Co. v. Hunt, 38 Tex. Civ. App. 460, 85 S. W. 1168; Railway Co. v. Everett, 95 S. W. 1085; Railway Co. v. Addison, 96 Tex. 61, 70 S. W. 200; Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1032; Grocer Co. v. Railway Co., 142 S. W. 624; Railway Co. v. Rayzor, 125 S. W. 619.

[3] 4. But while it is true that if the amount claimed as damages for a tort, together with the interest thereon, exceeds $1,000 at the time the suit is filed, the county court would be without jurisdiction to try the case (Railway Co. v. Rayzor, supra), it is equally true that, if such amount did not exceed $1,000 when the suit was filed, the county court at that time would have jurisdiction. Would it lose jurisdiction by reason of the fact that the interest accumulating subsequent to the filing the suit caused the aggregate amount recoverable to exceed $1,000?

This question must be answered in the negative. Railway Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806; Railway Co. v. Barnett, 27 Tex. Civ. App. 498, 66 S. W. 475; Railway Co. v. Dolan, 84 S. W. 393. In so far as it affects the jurisdiction of the court to render judgment in the case, it is immaterial that the principal and accumulated interest recoverable as damages exceeded the jurisdiction of the court at the time of filing the amended petition upon which the case was tried. "For most purposes an amended petition, which sets up no new cause of action, takes the place of the original petition, and relates back to

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

the time of the institution of the suit. * * * The claim which it asserts is to be regarded as if asserted when the suit was brought. The question as to the amount put in controversy in this case by the plaintiff's pleadings must therefore be determined as if it arose upon the original petition. Thus tested, no more was claimed than the court had jurisdiction to adjudge." Railway Co. v. Underwood, supra.

[4] 5. In the cases last above cited, it is intimated that, while the court would retain jurisdiction, notwithstanding the fact that by lapse of time since the filing of the suit the accumulated interest may have increased the amount in controversy beyond the jurisdiction of the court, as to the amount for which suit may be brought in such court, still the judgment which the court could render in such case could not exceed the amount fixed by law for which suit could be brought in such court. We say "intimated" and not decided, because the expressions on this subject to be found in said opinions are dicta. Mr. Chief Justice Brown, in an able and well-considered opinion in the recent case of Grigsby v. Reib, 153 S. W. 1126, says: " 'Dictum' is defined to be 'an opinion expressed by a court, but which, not being necessarily involved in the case, lacks the force of an adjudication.' "

In Railway Co. v. Barnett, supra, the assignment of error was not that the county court erred in rendering judgment for an amount in excess of $1,000, but that "the trial court erred in rendering *any judgment whatever* (italics ours) in this case, for the reason that said court had no jurisdiction over the subject-matter in this: The plaintiff in his petition seeks to and did in fact recover in this suit the sum of $960, with legal interest thereon from August 28, 1898," which amount at the time of the rendition of the judgment exceeded $1,000. This assignment was overruled in the following language: "The suit was filed at a time when 6 per cent. interest on $960 would not amount to $1,000. Consequently the court had jurisdiction." What was said in a subsequent portion of the opinion about amending the petition upon a subsequent trial, "not being necessarily involved in the case, lacks the force of an adjudication." In Railway Co. v. Dolan, supra, the judgment of the county court was for only $300 and interest, and the court was not called upon to say what would have been the effect had the judgment exceeded $1,000. In Rotan Grocery Co. v. Railway Co., supra, this court called express attention to the fact that this point was not involved in that case.

[5, 6] 6. The distinction referred to by Mr. Associate Justice Williams in Railway Co. v. Underwood, supra, between jurisdiction for the purpose of appeal and jurisdiction a quo, should be kept in mind. This distinction will harmonize the cases hereinbefore cited with the decisions in the cases of Railway Co. y. Fromme and Railway Co. v. Faulkner, supra, and Railway Co. v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 118, and Railway Co. v. Hunt, 38 Tex. Civ. App. 460, 85 S. W. 1168. In other words, jurisdiction, in so far as amount is concerned, is determined by the amount in controversy at the time the court is first called upon to exercise jurisdiction. This in a trial court is the amount claimed at the time suit is filed; in an appellate court it is the amount for which judgment could have been rendered in the judgment appealed from.

7. In the instant case we are directly called upon to decide the issue as to whether when a court has obtained jurisdiction of a cause, by reason of the amount involved when such suit is brought, and is not being deprived of such jurisdiction by reason of the fact that, subsequent to the time of filing such suit and prior to the trial thereof, accummulated interest has increased the amount for which judgment may be rendered beyond the amount for which suit could originally be brought in said court, is such court limited, in rendering judgment to the amount for which such suit could have been originally brought? We think not.

It seems to us that the logic of the matter is, either that the court, by reason of such accummulated interest, would be deprived of *all* jurisdiction over the subject-matter, or it would have jurisdiction to render a proper judgment in the case, which would be the amount found to be due at the time of the trial. The courts of the country are open to its citizens, and they are invited to enter the same for the redress of their wrongs, being forbidden by law to enforce their rights by their own strong arms. A. converts to his own use 198 bushels of wheat belonging to B., worth in the market $1 per bushel. B. brings suit in the justice court, the only court in which such suit could be brought. The case is continued, without B.'s fault, for three months. The case is called for trial, and A. objects to the jurisdiction of the court because the legal interest accruing since the filing of the suit has increased the amount due beyond $200. It would be absurd to say that B. must dismiss his suit, pay the costs, and bring suit in another court, in which he could not have brought suit at the time his right to appeal to the courts accrued. It seems to us to be equally unreasonable to say that he may have judgment for $200, but must lose the remainder that is justly due him, or, in violation of the spirit of the law which abhors a multiplicity of suits, be forced to bring another suit in the same court for the remainder due him on the same transaction, between the same parties, and to recover which he must adduce the same evidence as in the former case.

Neither our Constitution (article 5, § 16),

nor our statute (articles 1763 and 1764, R. S. 1911) fix the jurisdiction of the county court by the amount for which judgment may be rendered in such court, but by "the amount in controversy," which, as we have seen from the authorities hereinbefore cited, means the amount claimed at the time the suit is filed. A court, having obtained jurisdiction of a cause, retains such jurisdiction for the purpose of rendering whatever judgment will meet the demands of justice under the allegations of the original petition, or such amended petition as does not enlarge the cause of action. An amended petition wherein judgment is asked for the same amount and upon the same cause of action claimed in the original petition, with legal interest thereon to the date of trial, does not enlarge the cause of action, as such interest would have been recoverable without such amended petition.

8. The appellee suggests that, if we should hold that the judgment was erroneous in so far as it is for an amount in excess of $1,-000, we reform it and render judgment for that amount, or, if we should decline to do this, it offers to remit the amount in excess of $1,000, should it be required so to do. Holding, as we do, that no error was committed in this regard, we decline to reform said judgment or to require appellee to make such remittitur.

For the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.