judgment, with power to set it aside. He could set is aside without any motion and of his own accord. Corpus Juris, vol. 34, p. 243; Hooker v. Williamson, 60 Tex. 524, 527; Mahan v. Kyle (Tex. Civ. App.) 211 S. W. 302; Aycock v. Kimbrough, 71 Tex. 330, 334, 12 S. W. 71, 10 Am. St. Rep. 745.

[4] Having jurisdiction and power to grant a new trial in the case on his own motion during the 45-day period, he had the discretion to consider of value, and as aiding or assisting him, the amended motion for new trial. Aside from this, however, the court had authority, in his discretion, to permit the filing of the amended motion for new trial after the 20-day period had expired, so long as he had jurisdiction of the case. George v. Taylor, 55 Tex. 99; Linn v. Le Compte, 47 Tex., 440; Hargrove v. Cothran (Tex. Civ. App.) 118 S. W. 177. The authorities cited refer to the filing of original motions after the expiration of the statutory period for filing; but the reason of the rule applies with like force to amended motions.

[5] Having power to permit the filing of an amended motion for new trial at any time within the 45-day period, he had authority to consider the motion which had been filed without leave of the court. His consideration thereof and overruling objections thereto was tantamount to granting leave to file the amended motion, and fixed its status as a properly filed paper in the case. Leave may be granted after a pleading is filed as well as before. Hopkins v. Seay (Tex. Civ. App.) 27 S. W. 899.

[6] Since the new trial in this case was granted within the 45-day period, and at a time when the court had jurisdiction and power to set aside his previous orders and judgment in the case, either of his own volition or upon motion, it is plain that the court had power to grant the amended motion for new trial, and his action in doing so will not be revised in a proceeding for mandamus.

Leave to file the petition for mandamus is accordingly refused.

---

### RODDY v. FLY et al., Justices, etc.
### (No. 6526.)

(Supreme Court of Texas.　May 13, 1925.)

Courts ⬙247(7)—Conflict of opinion between Court of Civil Appeals and old Court of Appeals not one requiring certification to Supreme Court.

A conflict of opinion between Court of Civil Appeals and the old Court of Appeals, created by Constitution of 1876, is not such a conflict as is contemplated by Rev. St. art. 1623, as amended by Acts 38th Leg. (1923) c. 48, requiring Court of Civil Appeals to certify questions to Supreme Court when its decision conflicts with opinion of Supreme Court or other Court of Civil Appeals.

Original proceeding by H. H. Roddy on motion for leave to file a petition for mandamus against William S. Fly and others, Justices of the Court of Civil Appeals for Fourth District. Leave to file petition refused.

McDanill & Bounds, of McAllen, for relator.

CURETON, C. J. This is an original proceeding upon motion for leave to file a petition for mandamus against the justices of the Court of Civil Appeals for the Fourth district. An examination of the petition for mandamus shows that the writ is asked for because of conflict. The conflict alleged is with the case of Miles v. Mays (Tex. App.) 16 S. W. 540.

That case was not decided by the Supreme Court nor by a Court of Civil Appeals. The decision is by the old Court of Appeals created by and under the Constitution of 1876. That court had jurisdiction of all criminal cases and certain civil cases on appeal. Harris' Constitution, p. 373. It functioned until the adoption of the constitutional amendment in 1891, which created the Court of Criminal Appeals and provided for Courts of Civil Appeals. Harris' Constitution, pp. 372 to 377.

A Court of Civil Appeals is required to certify questions to this court only when its decision conflicts with an opinion of the Supreme Court or of another Court of Civil Appeals. R. S. art. 1623, as amended by chapter 48, General Laws of the Thirty-Eighth Legislature.

Conflict of opinion between a Court of Civil Appeals and the old Court of Appeals, such as is alleged in the petition before us, is not such a conflict. Cosset v. Citizens' Railway Co., 96 Tex. 1, 3, 69 S. W. 976.

Leave to file the petition for mandamus is accordingly refused.

---

### SHAW & ROGERS v. DOCKERY.*
### (Nos. 665–4176.)

(Commission of Appeals of Texas, Section A.　May 27, 1925.)

Justices of the peace ⬙141(4)—Accumulation of damages pending action in county court held not to oust it of appellate jurisdiction, where judgment appealed from not in excess of justice court's jurisdiction.

Where at time defendant's cross-action was lodged in justice court, amount of damages which had accrued was within jurisdiction of that court, and judgment was not in excess of its jurisdiction, held that county court had appellate jurisdiction thereof, and though damages accumulated pending action in county court.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

---

Action by T. B. Dockery against Shaw & Rogers. From a judgment of the Court of Civil Appeals (260 S. W. 909), reversing and remanding judgment for defendants on their cross-action in the county court, on appeal from justice of the peace, defendants bring error. Reversed, and judgment of the county court affirmed.

Allan V. McDonnell, of Waco, for plaintiff in error.

Johnston & Hughes, of Waco, for defendant in error.

BISHOP, J. This case was filed by plaintiff, T. B. Dockery, in the justice court April 7, 1922, for $60 rent due by defendants, Shaw & Rogers, for a business house and to foreclose a lien on certain restaurant fixtures and equipment. Defendants by cross-action sought damages in the sum of $199, for detention of the property taken into his possession by the plaintiff, and on which he sought to foreclose a lien. On trial in the justice court, plaintiff recovered judgment for $45 and foreclosure of lien, and defendants recovered judgment against plaintiff on their cross-action for $199. The case was by plaintiff appealed to the county court, resulting in a like judgment. The Court of Civil Appeals reversed the judgment of the county court, holding that court without jurisdiction of the cross-action for the reason that, at the time of the trial, the amount of damages shown by the pleadings exceeded the jurisdiction of that court.

The trial was had in the justice court May 13, 1922, and in the county court February 2, 1923. In both courts the pleadings were oral. The transcript from the justice court does not show what the pleadings there were, except the statement, "5—3—22, defendants plead cross-action for $199.00." In the county court the oral pleadings were taken by a stenographer and shown in the transcript. Defendants there alleged that their damages by reason of the wrongful seizure of their property was at the time of their oral pleadings in the county court in excess of $199, but that they were suing "for $199 as an offset, and for no more, because this suit originated in the justice court, and they are unable to sue for their actual damages for the wrongful detention of the property at this time." They also alleged by trial amendment that the reasonable rental value of the property was $5 per day, and that the property had been unlawfully withheld from them from March until the time of the trial in the county court.

It appears from the pleadings in the county court that, at the time the cross-action was lodged in the justice court on May 3, 1922, the amount of damages at $5 per day was within the jurisdiction of that court. The judgment there awarded on the cross-action for $199 was not in excess of its jurisdiction. The county court therefore had appellate jurisdiction at the time the appeal was perfected. The mere fact that damages accumulated pending the action in the county court did not oust that court of this appellate jurisdiction. The court could try and determine the issue presented by the cross-action, but could render judgment for no greater sum than the jurisdictional limit of the court in which the defendants saw fit to sue. In this case this has been done. Here no attempt was made to confer jurisdiction on the justice court by asking judgment for a sum less than defendants were entitled to recover under their pleadings. At the time the cross-action was asserted in the justice court it had jurisdiction of the amount of damages which had accrued by reason of the detention of the property as shown by the pleadings. In the case of Ft. Worth & Denver City Ry. Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806, the court aptly states the law controlling here as follows:

"The cause of action asserted was of such a nature that damages might accumulate pending the action, which is true of many actions, as, for instance, those brought for the use of property detained, and the like; but the accrual of further damages in cases of that character does not take away the power of the court to give judgment for an amount claimed which is within its jurisdictional limits. The plaintiff in such cases, with proper pleadings, may recover the entire damage which he has suffered up to the trial, but this right may be restricted by the law limiting the jurisdiction of the court in which he has seen fit to sue. Having brought his action for an amount within the jurisdiction, he is entitled to such judgment as the court has power to render."

In the case of Pecos & North Texas Ry. Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294, cited by the Court of Civil Appeals as sustaining its holding, as in this case, the pleadings in the justice court were oral and not shown by the transcript filed in the county court on appeal. Otherwise the two cases are not similar. There it appeared from an amended pleading filed in the county court that the justice court was without jurisdiction to hear and determine the amount in controversy, and for this reason the Supreme Court, in answering the question certified, suggested that the judgment should be reversed, and the cause dismissed.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that of the county court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.