## TEXAS POWER & LIGHT CO. v. HALE.
### (No. 639–4501.)

(Commission of Appeals of Texas, Section B. May 12, 1926.)

**Justices of the peace ⟨⟩174(12)—County court, on appeal from justice court, held without jurisdiction to try case on amended petition setting forth demand in sum beyond jurisdiction of justice of the peace (Const. art. 5, §§ 16, 19; Rev. St. 1925, arts. 1952, 2385).**

Where plaintiff, on appeal from justice to county court, by an amended petition set forth a demand beyond $200, which 'was beyond jurisdiction of justice court in which controversy arose, *held* that, under Const. art. 5, §§ 16, 19, and Rev. St. 1925, arts. 1952, 2385, the county court was without jurisdiction to try case on such amended petition.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by J. N. Hale against the Texas Power & Light Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals (276 S. W. 746), and defendant brings error. Reversed and remanded, with instructions.

J. O. Lockett, Kilpatrick & Kilpatrick and J. I. Kilpatrick, Jr., all of Cleburne, for plaintiff in error.

Jackson & Jackson, of Cleburne, for defendant in error.

SHORT, J. This suit originated in the justice court, precinct No. 1, Johnson county, Tex., wherein the defendant in error, Hale, sought to recover damages against the plaintiff in error for injuries done to his automobile in a wreck, and also for the value of the use of the automobile while in the possession of the plaintiff in error. The damages to the automobile were laid at $105, and the value of

the use while detained was placed at $2 per day for 40 days, and an additional item of $25 was claimed as attorney's fees, and a credit of $50 was allowed for partial repairs, leaving a balance due him of $160. Judgment for $135 was rendered in his favor in the justice court on October 27, 1923. Thereafter the plaintiff in error prosecuted its appeal to the county court of Johnson county, and in that court the defendant in error filed an amended petition, laying his damages to the car at $105, loss of the use of his car for 2½ months at $2 per day, aggregating $150, and crediting the claim with $50, leaving a total demand of $205. Upon a trial before a jury upon special issues, judgment in favor of the defendant in error was rendered for $140.10, with interest and costs. From this judgment the plaintiff in error prosecuted its appeal to the Court of Civil Appeals of the Second Supreme Judicial District, and that court affirmed the judgment of the trial court. Writ of error having been granted by the Supreme Court, the case has been referred to this section of the Commission of Appeals for disposition.

The principal question involved in this appeal has reference to the fact that the defendant in error, by his amended pleadings filed in the county court, claimed damages in excess of $200, and that court permitted this to be done and tried the case upon these amended pleadings. The contention is made by the plaintiff in error that the Court of Civil Appeals erred in its ruling that the defendant in error had a right to increase the amount of his demand in the county court beyond $200; the claim being made by the plaintiff in error that the county court had no jurisdiction of the controversy which had originated in the justice court, as the defendant in error had increased his demand to an amount beyond the jurisdiction of the justice court wherein the case originated, and we think this contention should be sustained. Section 19 of article 5 of the Constitution provides that the justice court shall have jurisdiction in civil matters of all cases where the amount in controversy is $200 or less, exclusive of interest; while section 16 of article 5 provides that the county court shall have appellate jurisdiction in cases civil and criminal of which justice courts have original jurisdiction, further providing that, in all appeals from a justice court to a county court, the trial shall be de novo in the county court. Article 2385 of the Revised Civil Statutes of 1925 states the jurisdiction of justice courts in accordance with the provisions of the Constitution; while article 1952 of the same statute states the appellate jurisdiction of the county court in the following language:

"The county court shall have appellate jurisdiction in civil cases over which the justice courts have original jurisdiction when the judg-

ment appealed from or the amount in controversy shall exceed $20.00 exclusive of costs."

In the case of Shaw & Rogers v. Dockery, 272 S. W. 437, Section A of the Commission of Appeals, in a case involving not this identical question, but a kindred one, uses this language:

"It appears from the pleadings in the county court that, at the time the cross-action was lodged in the justice court on May 3, 1922, the amount of damages at $5 per day was within the jurisdiction of that court. The judgment there awarded on the cross-action for $199 was not in excess of its jurisdiction. The county court, therefore, had appellate jurisdiction at the time the appeal was perfected. The mere fact that damages accumulated pending the action in the county court did not oust that court of this appellate jurisdiction. The court could try and determine the issue presented by the cross-action, but could render judgment for no greater sum than the jurisdictional limit of the court in which the defendant saw fit to sue."

By reference to the opinion of the Court of Civil Appeals in that case, 260 S. W. 909, wherein the facts and circumstances are more definitely stated than in the opinion of the Commission of Appeals, we find that the latter court in that case held that the county court had jurisdiction of the amount in excess of $200 where, as in the case at bar, the cause of action asserted was of such a nature that damages accumulated pending the action, citing in support of its ruling Fort Worth & Denver City Railway Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806. In the case cited, Justice Williams for the Supreme Court, in answering a certified question propounded by the Court of Civil Appeals of the Second District, uses this language:

"The date of the institution of the suit is not given by the certificate, but it appears that it must have been before January 5, 1904, when the second amended petition was filed. Up to that time 6 per cent. added to the amount of damage alleged to the cattle would not exceed $1,000; hence it is evident that the amount claimed when the suit was brought was within the jurisdiction of the county court, and judgment for that amount could have been rendered, had the cause been then tried. Taking the amended pleading as speaking from that date, it claimed no more than it is to be presumed was claimed in the original petition."

We construe this language under the facts of that case to mean that the amended petition, which was the basis of the suit at the time it was tried, stated the demand to be within the jurisdiction of the county court, where the suit was originally filed, and that the mere fact that, by reason of the nature of the cause of action permitting damages to accumulate between the time the amended petition was filed and the trial, the amount would be increased beyond the jurisdictional amount, did not have the legal effect to deprive the court of the right to try the case. Had the defendant in error in his amended petition confined the amount of his demand to $200, we do not think the fact that the testimony showed his damages to have been more than $200 by reason of the accumulated damages arising from the detention of the car after the filing of the amended petition and before the trial could have deprived the county court of its jurisdiction to try the case upon the amended petition. But the contrary appears. The amended petition set forth a demand beyond $200, and, this being beyond the jurisdiction of the court in which the controversy arose, the county court had no jurisdiction to try the case upon this amended petition. In the case of Pecos & North Texas Railway Co. v. Canyon Coal Co., 102 Tex. 478, 119 S. W. 294, Judge Brown, speaking for the Supreme Court, in answer to a certified question involving the matter under discussion where the facts were substantially the same as those in the case at bar, seems to settle the question beyond further cavil or dispute by the use of the following language:

"The county court of Randall county had no jurisdiction of the subject-matter of this suit. The appellate jurisdiction of the county court could not exceed the jurisdiction of the justice court from which the appeal was taken, which, by article 5, § 19, of the Constitution, is prescribed to be: '* * * In civil matters of all cases where the amount in controversy is $200.00 or less, exclusive of interest.'"

It is true that in that case the record showed that the amount in controversy originally when the suit was filed in the justice court was $253 and the opening sentence in the language used by Judge Brown might have referred to this fact. However, the language succeeding the opening sentence clearly states the proposition for which the plaintiff in error contends and, as we have said, correctly so.

In the case of Boudon v. Gilbert, 67 Tex. 690, 4 S. W. 578, Judge Stayton, speaking for the Supreme Court, held that, where a defendant in the justice court enlarged the amount of his cross-action on appeal to the district court to an amount greater than that of which the justice court would have had jurisdiction, this ousted the district court of its jurisdiction, and that the amendment should not have been permitted. To the same effect, involving similar questions, are the opinions in the following cases: T. & P. Ry. Co. v. Walter Hunt & Co., 38 Tex. Civ. App. 460, 85 S. W. 1168; Williams v. Houston Cornice Works, 46 Tex. Civ. App. 70, 101 S. W. 839, 1195; M., K. & T. Ry. Co. of Texas v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415; and C., R. I. & G. Ry. Co. v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 117. In the latter case, the cause originated in the justice court and was a suit upon damages for $192. On appeal to the county court, the

pleadings of the plaintiff were amended so as to claim an amount aggregating the sum of $200, and closed with a prayer for his debt, damages, interest, and costs of suit. Speer, Associate Justice, speaking for the Court of Civil Appeals, uses this language:

"Clearly this allegation, under the authorities, put the amount in controversy beyond $200, and as clearly ousted the jurisdiction of the county court to determine the cause thus appealed from the justice court. * * * In.determining the amount in controversy for the purpose of ascertaining the jurisdiction of the trial court, an amended petition is supposed to sneak as from the date of the original institution of the suit, unless it 'sets up a new cause of action, or increases the amount originally sued for, so as to claim an amount not within the jurisdiction of the court.' * * * So that, if appellee's amendment in the county court had merely sought to recover $192, with interest from the date of the injury, and the pleadings in the justice court had also included interest, the county court, perhaps, * * * would not have lost all jurisdiction, even though the accumulated interest to the time of trial, when added to the sum named, would have exceeded $200. But even when tested by this rule, the amended petition stated an amount beyond the jurisdiction of the county court, because the pleadings of the justice court not only did not include a prayer for interest, but the amended pleadings in the county court otherwise increased the amount in controversy, by placing the damages at exactly $200. So that, whether the case of Fort Worth & Denver City Ry. Co. v. Underwood in effect overrules the case of Texas & Pacific Ry. Co. v. Hunt [38 Tex. Civ. App. 460, 85 S. W. 1168] or not, the amended pleadings in any event set up an amount beyond the appellate jurisdiction of the county court."

The cases. of Vicars v. Tharp (Tex. Civ. App.) 174 S. W. 949; H. & T. C. Ry. Co. v. Lewis (Tex. Civ. App.) 185 S. W. 593; Thorp v. Cook (Tex. Civ. App.) 239 S. W. 1118; and West v. McMahon (Tex. Civ. App.) 208 S. W. 674, all of which involve questions akin to that under discussion, sustain the rule that in all cases appealed from a justice court to the county court the appellate jurisdiction of the county court cannot exceed in amount the jurisdiction of the justice court. In the case of Shaw v. Dockery, 272 S. W. 437, decided by the Commission of Appeals, Section A, it was held that the pleadings did not increase the amount in controversy to an amount in excess of the jurisdiction of the justice court. The contrary appears here. The pleadings did increase the amount in controversy to an amount in excess of the jurisdiction of the justice court, and, as the pleadings must govern in determining the amount in controversy, we do not believe that the case decided by the Commission of Appeals, Section A, is in conflict with our holding in this case. Upon the contrary, we think the cases can be distinguished in that way.

We do not think that the Court of Civil Appeals erred in the matters embraced in the other assignments of error contained in: the application for writ of error, and therefore overrule them; but on account of the error committed by the Court of Civil Appeals as stated in the first assignment of error, which we sustain, we recommend that the judgment of the Court of Civil Appeals be reversed, and the .cause remanded, with instructions to the county court to dismiss the case unless the defendant ·in error shall either withdraw his amended petition setting up a demand beyond the original jurisdiction of the justice court or file another amended petition in accordance with the views we have expressed herein.

CURETON, C. J. Judgments of the Court of Civil Appeals and county court reversed, and judgment here rendered as recommended by the Commission of Appeals.