FORT WORTH & DENVER CITY RAILWAY COMPANY v. W. L. UNDERWOOD.

No. 1592.    Decided January 9, 1907.

1.—Jurisdiction—Amount in Controversy—Accruing Interest.

The fact that the amount of damages alleged is increased, after suit is instituted, by the accrual of interest claimed as an element of the damages, to a sum beyond the jurisdiction of the court, will not deprive it of the power to render judgment for an amount not exceeding its jurisdiction. (Pp. 285, 286.)

2.—Same—Case Stated.

An amended petition in an action in the County Court for damages to cattle in shipment, alleged to be $940.40, with interest from the date of injury, which sum, including interest, exceeded $1,000 when the amendment was filed, but did not do so at the date of filing the pleading which it amended, did not show an amount in controversy beyond the jurisdiction of the court. For that purpose the amount was determined by the sum recoverable, on the claim alleged, when the suit was brought. (Pp. 285, 286.)

**3.—Same—Case Distinguished.**

Gulf, W. T. & P. R. R. Co. v. Fromme, 98 Texas, 459, distinguished, apply-ing a different rule to determine the amount in controversy as affecting the right of appeal from that in issue as determining the jurisdiction of the trial court. (P. 286.)

Question certified from the Court of Civil Appeals for the Second District, in an appeal from Childress County.

*Spoonts & Thompson, Fires & Decker* and *Marshall Spoonts,* for appellant.—Where the amount in controversy is made by the allegations of the plaintiff to exceed $1,000 in the County Court, the court is without jurisdiction to render any judgment. Fort Worth & D. C. Ry. v. Everett, 95 S. W. Rep., 1085; San Antonio & A. P. Ry. Co. v. Barnett, 66 S. W. Rep., 474; Schulz v. Tessman, 92 Texas, 488.

*S. G. Tankersley* and *E. E. Diggs,* for appellee.—The County Court, in which this cause was tried, had jurisdiction of same, and it affirmatively appears from plaintiff's petition, upon which the cause was tried, that the amount of damages claimed was within the jurisdiction of said court. Atchison, T. & S. F. Ry. Co. v. Dawson, 14 Texas Court Rep., 139; St. Louis S. W. Ry. Co. v. Dolan, 84 S. W. Rep., 393.

The case of Nashville, C. & St. L. Ry. Co. v. Grayson Co. Nat. Bank, 15 Texas Ct. Rep., 678, mentioned by Justice Speer in his dissenting opinion, is conclusive of the question involved in this cause.

WILLIAMS, ASSOCIATE JUSTICE.— Certified questions from the Court of Civil Appeals for the Second District, as follows:

"The above-styled and numbered cause is now pending before this court on a motion for rehearing, and we deem it advisable to certify to Your Honors, for decision, the question whether or not the County Court of Childress had jurisdiction over this cause at the time it rendered the judgment herein appealed from. On July 3, 1905, appellee, as plaintiff in the County Court of Childress County, filed his third amended original petition, seeking to recover damages for alleged injuries to a shipment of cattle, wherein he prayed judgment for the sum of $940.40, together with interest and costs of suit, his cause of action having accrued, according to the allegations of his pleading, on August 25, 1903, so that the aggregate damages then claimed amounted to more than $1,000. It was upon this amended pleading that the trial was had, and the record does not contain any of the abandoned pleadings of the plaintiff, nor does it disclose when they were filed, except the second amended original petition, which was filed January 5, 1904."

For most purposes an amended petition, which sets up no new cause of action, takes the place of the original petition, and relates back to the time of the institution of the suit. (Tolbert v. McBride, 75 Texas, 95.) The claim which it asserts is to be regarded as if asserted when the suit was brought. The question as to the amount put in controversy in this case by the plaintiff's pleadings must, therefore, be determined as if it arose upon the original petition. Thus tested, no more was claimed than the court then had jurisdiction to adjudge. The date of the institution of the suit is not given by the certificate, but it appears that it must

have been before January 5, 1904, when the second amended petition was filed. Up to that time six percent added to the amount of damage alleged to the cattle would not exceed $1,000. Hence, it is evident that the amount claimed when the suit was brought was within the jurisdiction of the County Court, and judgment for that amount could have been rendered had the cause been then tried. Taking the amended pleading as speaking from that date, it claimed no more than it is to be presumed was claimed in the original petition. The cause of action asserted was of such a nature that damages might accumulate pending the action, which is true of many actions, as, for instance, those brought for the use of property detained, and the like; but the accrual of further damages in cases of that character does not take away the power of the court to give judgment for an amount claimed which is within its jurisdictional limits. The plaintiff in such cases, with proper pleadings, may recover the entire damage which he has suffered up to the trial, but this right may be restricted by the law limiting the jurisdiction of the court in which he has seen fit to sue. Having brought his action for an amount within the jurisdiction, he is entitled to such judgment as the court has power to render.

The case of Gulf, West Texas & Pacific R. R. Co. v. Fromme (98 Texas, 459) decided the question as to the appellate jurisdiction of the Court of Civil Appeals; in other words, as to the right of appeal, as dependent on the amount in controversy, and not as to the jurisdiction of the court from which the appeal was taken. The two questions are not always determinable from the same data, as may readily be deduced from what we have already said. The jurisdiction of a court *a quo,* aside from questions arising from the subsequent assertion of new causes of action, is determined by the matter put in issue when the suit is brought. But as, in cases in which damages accumulate pending the action, the amount recoverable when judgment is rendered may be greater than that recoverable at its institution, the right of appeal is properly held to depend upon the amount in issue and which the court has the power to adjudge at the time of the trial. This is the holding in the Fromme case.

What we say has no reference to amendments by which a plaintiff, by amending his pleadings, sets up a new cause of action, or increases the amount originally sued for so as to claim an amount not within the jurisdiction of the court. Questions which might thus arise are not involved, there being nothing to show that the plaintiff ever increased or changed his demand.

The question is answered in the affirmative.