ROTAN GROCERY CO. v. MISSOURI, K. &
T. RY. CO. OF TEXAS et al.

(Court of Civil Appeals of Texas. Austin.
Oct. 18, 1911. Rehearing Denied
Jan. 10, 1912.)

1. DAMAGES (§ 67*)—ELEMENTS—INTEREST.

A percentage of the value of the property, claimed as interest in an action for damages, is in fact part of the damages and not interest eo nomine.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 135, 136; Dec. Dig. § 67.*]

2. COURTS (§ 121*)—COUNTY COURTS—JURISDICTION—AMOUNT IN CONTROVERSY—AMENDMENTS.

The county court is without jurisdiction if, at the time the original petition was filed, the total amount sued for, including interest, exceeds $1,000, and an amendment thereafter filed, seeking to recover less than $1,000, would not confer jurisdiction; but where the entire amount, including a percentage designated as interest, was less than $1,000 at the time the original suit was filed, the fact that thereafter the damage was increased by the lapse of time to a sum in excess of $1,000, as shown by amended petitions, did not deprive the county court of the power to render judgment for any sum within the limit of its jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–428; Dec. Dig. § 121.*]

3. LIMITATION OF ACTIONS (§ 127*)—COMMENCEMENT OF ACTION — AMENDMENT OF PLEADING—NEW CAUSE OF ACTION.

The petition, in an action for damages to two cars of bananas, received by defendant for transportation in October and November, 1906, was filed in January, 1908, and plaintiff thereafter and until October, 1909, filed amended and supplemental petitions, in all of which it was alleged that the cars of bananas sued for were the same cars for which damages were sued for in the original petition and each of the subsequent pleadings. Held, that the pleadings set out no new cause of action, and hence that the claim was not barred by the two-year statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 543–547; Dec. Dig. § 127.*]

Appeal from McLennan County Court; Tom L. McCullough, Judge.

Action by the Rotan Grocery Company against the Missouri, Kansas & Texas Railway Company of Texas and others. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Prendergast & Williamson, for appellant. Clark, Clark & Saunders, Baker, Botts, Parker & Garwood, and O. L. Stribling, for appellees.

KEY, C. J. Appellee acquiesces in appellant's statement of the nature and result of this suit, which statement is as follows: "This suit was filed by appellant, the Rotan Grocery Company, in the county court of McLennan county, Tex., on January 21, 1908, against the appellee Missouri, Kansas & Texas Railway Company of Texas, alleging, in substance: That on or about October 17, 1906, defendant undertook to ship for plaintiff, and did ship for it, a car of bananas from New Orleans, La., to Waco, Tex., and agreed to ship the same with such care and diligence as such fruit should be shipped. That by reason of the acts and omissions of defendant, said bananas became heated, rotten, and worthless, and the plaintiff was damaged thereby in the sum of $462.40, the value of said bananas contained in said car which were thus rendered worthless, together with 6 per cent. interest per annum thereon from October 17, 1906, until paid. That on or about November 16, 1906, plaintiff shipped another car of bananas from New Orleans, La., to Waco, Tex., over the defendant's railroad, and the defendant received said car of bananas and undertook and agreed to transport same from New Orleans, La., to Waco, Tex., in a careful and proper manner for the shipment of such fruit. That it was agreed between plaintiff and defendant that the defendant was to do certain things with reference to the handling of said car of bananas so as to prevent the same from becoming heated, rotten, and worthless, but, instead of so handling said car, the defendant by its acts and omissions permitted said bananas to become heated, rotten, and worthless, and plaintiff was damaged to the extent of the value of said car, to wit, the sum of $431.30, with 6 per cent. interest per annum thereon from November 12, 1906, until paid. And alleging that it had delivered to defendant its bills of lading and claim papers, which defendant had failed and refused to return.

"On February 24, 1908, the defendant Missouri, Kansas & Texas Railway Company filed its original answer, consisting of a general demurrer and general denial.

"On August 17, 1908, plaintiff filed its first amended petition and made Morgan's Louisiana & Texas Railroad Company and Texas & New Orleans Railroad Company parties defendants, and alleged, in substance: That on or about October 17, 1906, the said defendants received in good condition, and undertook to ship for plaintiff, and did ship for it, a car of bananas from New Orleans, La., to Waco, Tex., and to ship the same with such care and diligence as such fruit should be shipped. And by reason of the acts and omissions of defendants in failing to comply with its agreement in regard to the manner of shipment of said car, the said bananas contained therein became heated, rotten, and worthless, and plaintiff was damaged in the sum of $512.40, together with 6 per cent. interest per annum thereon from October 17, 1906, until paid. That on or about November 16, 1908, the said plaintiff shipped another car of bananas from New Orleans, La., to Waco, Tex., over the defendants' railroads, and the defendants received said car of bananas in good condition

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

and undertook and agreed to transport the same in a careful and proper manner for the shipment of such fruit. That it was agreed between the plaintiff and defendants that certain things were to be done to prevent said bananas becoming heated, rotten, and worthless, which the defendant failed to do, and said bananas were rendered worthless, to plaintiff's damage upon said second car in the sum of $481.30, with 6 per cent. interest per annum thereon from November 12, 1906, until paid. And alleging that plaintiff had delivered to defendants its bills of lading and claim papers which defendants had failed and refused to return.

"On September 5, 1908, the defendants Morgan's Louisiana & Texas Railroad and Texas & New Orleans Railroad filed their joint answer, consisting of a general demurrer and general denial. On January 29 and September 18, 1909, plaintiff filed its second and third amended petitions, respectively, each containing, in substance, the same allegations as in its first amended petition, and claiming its damage to be the same upon each of said cars of bananas as in its first amended petition.

"On September 30, 1909, defendant Missouri, Kansas & Texas Railway Company filed its second amended answer, urging various special exceptions to plaintiff's pleadings on the ground that the amount sued for by plaintiff was in excess of the jurisdiction of the county court, and that plaintiff's amended pleadings set up a new cause of action, and specially pleaded the two years statute of limitation as a bar to plaintiff's recovery.

"On October 1, 1909, plaintiff filed its fourth amended petition, alleging the same facts in substance as in its former pleadings with reference to the shipment and damage to said cars of bananas, and expressly alleging that said cars were the same cars as described and sued for in all of its former pleadings, and claiming the same amounts of damage upon each of said cars respectively as claimed in its original petition, with interest upon each of said amounts at the rate of 6 per cent. per annum from the dates of the respective shipments, to an amount within the jurisdiction of the county court.

"On October 1, 1909, the defendant Missouri, Kansas & Texas Railway Company filed its third amended answer urging special exceptions to plaintiff's fourth amended petition, the same as it urged against plaintiff's third amended petition, and alleging that said fourth amended petition stated a new cause of action, and pleading the two years statute of limitation.

"On October 1, 1909, plaintiff filed its first supplemental petition denying the allegations in defendant Missouri, Kansas & Texas Railway Company's third amended answer, and alleged fully that the damage to the cars of bananas sued for in its fourth amended petition were the same cars, damage to which was sued for in its original petition and each of its subsequent pleadings, and specially alleged a custom and arrangement existing between plaintiff and defendant Missouri, Kansas & Texas Railway Company whereby, in handling claims growing out of shipments to plaintiff over defendant's road, said defendant would be given a long time to investigate said claim, and at defendant's request plaintiff delivered to it the bills of lading, claim papers, and correspondence, and defendant did not decline to pay said claim until January 1. 1908, wherefore limitation would not begin to run upon said claim until January 1, 1908, and that the four years statute of limitation, and not the two years statute, would apply.

"On September 16, 1910, the defendants Morgan's Louisiana & Texas Railroad and Texas & New Orleans Railroad filed their first amended answer, urging various special exceptions to plaintiff's pleadings because the amount sued for by plaintiff exceeded the jurisdiction of the county court, and alleging that plaintiff's amended pleadings set up a new cause of action, and pleading the two years statute of limitation, and adopted the pleading of their codefendant Missouri, Kansas & Texas Railway Company as set forth in its third amended answer.

"A trial was had on September 30, 1910, and the court, after hearing the pleadings of the parties, sustained the defendants' demurrers to plaintiff's pleadings, and plaintiff thereupon secured leave of the court and filed its first trial amendment, in which it abandoned and struck out all claims for interest sued for on the value of the two cars of bananas, the values of which were sued for in this case, and alleged that the amount sued for was only the value of said two cars of bananas, aggregating the sum of $893.70, without any interest thereon whatever. Thereupon all defendants renewed and presented their said demurrers to plaintiff's petition as amended by its first trial amendment, and the court sustained said demurrers and dismissed said cause, and decreed that the plaintiff take nothing by its suit and that the defendants go hence without day and recover of plaintiff all costs, to which action of the court the plaintiff excepted and gave notice of appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas."

[1, 2] In this case the 6 per cent. of the value of the property, denominated in the petition as interest, is, in fact, part of the damage, and not interest eo nomini. Therefore, if at the time the original petition was filed the total amount sued for, including the 6 per cent. interest, had exceeded $1,-000, the county court would have been without jurisdiction, and the amendments thereafter filed, seeking to recover less than $1,-

000, would have been unavailing; but such was not the fact. The entire amount, including the 6 per cent. designated as interest, was less than $1,000 at the time the original suit was filed. The fact that thereafter the damage was increased by the lapse of time to a sum in excess of $1,000, as shown by the amended petitions, did not deprive the county court of the power to render judgment for any sum within the limit of its jurisdiction. Railway Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806; Railway Co. v. Crenshaw, 51 Tex. Civ. App. 198, 112 S. W. 117.

[3] We do not concur in appellees' contention that the amended petitions set up a new cause of action, and we therefore hold that appellant's demand was not barred by limitation. These holdings require us to sustain appellant's assignments of error which charge that the trial court committed error in sustaining the exceptions to the petition and dismissing the suit.

As to whether the county court would have jurisdiction to render a judgment in excess of $1,000, we are not called upon to decide, as that question is not presented by this record.

For the error pointed out, the judgment is reversed, and the cause remanded.

Reversed and remanded.