ADAIR v. STALLINGS.

(Court of Civil Appeals of Texas. Amarillo. March 14, 1914. Rehearing Denied April 4, 1914.)

1. JUSTICES OF THE PEACE (§ 44*)—JURISDICTION—AMOUNT IN CONTROVERSY.

Where a justice's court had jurisdiction of a cause when filed under the claim then presented, jurisdiction was not defeated by the accrual of interest thereon thereafter, though judgment beyond the amount of the jurisdiction could not be remedied.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 157–172; Dec. Dig. § 44.*]

2. JUSTICES OF THE PEACE (§ 68*)—PLEADINGS—MISJOINDER OF CAUSES OF ACTION.

A statement of a cause of action in justice's court for damages to growing crops by cattle, which showed that plaintiff based his cause of action on defendant's negligence and willful disregard of plaintiff's rights, and that the fence and gate through which the cattle entered plaintiff's field belonged to defendant, and was under his exclusive control, and that the gate was left down by defendant, that the fence was awarded by an arbitration committee to defendant, and that it was agreed between the parties that defendant should keep the fence in repair as a partition fence, was not objectionable on the ground that there was a misjoinder of causes of action.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. § 229; Dec. Dig. § 68.*]

3. APPEAL AND ERROR (§ 1041*)—APPEAL—CHANGE IN CAUSE OF ACTION.

A change in the district court, on appeal from a justice's court, of the cause of action, is harmless where no issue brought about by the change was presented to the jury by the court or the evidence.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4106–4109; Dec. Dig. § 1041.*]

4. FRAUDS, STATUTE OF (§ 50*)—PAROL CONTRACTS—PERFORMANCE WITHIN A YEAR.

A parol contract, which does not provide that it is not to be performed within a year, and which may be performed on some contingency within a year, is not within the statute of frauds.

[Ed. Note.—For other cases, see Frauds, Statute of, Cent. Dig. §§ 75–77; Dec. Dig. § 50.*]

5. FENCES (§ 9*)—PARTITION FENCES—AGREEMENTS—TRESPASSING ANIMALS—LIABILITY.

Where three persons divided a partition fence between adjacent landowners and informed the owners of their decision, and the owners then agreed to the division so made, the owners contracted for a partition fence, and one owner failing to maintain in repair the part of the fence allotted to him, thereby permitting his cattle to trespass on the land of the other owner, was liable for the damages sustained.

[Ed. Note.—For other cases, see Fences, Cent. Dig. § 15; Dec. Dig. § 9.*]

Appeal from District Court, Hemphill County; F. P. Greever, Judge.

Action by Fred Stallings against J. R. Adair. From a judgment for plaintiff, defendant appeals. Affirmed.

N. P. Willis and Frank Willis, both of Canadian, for appellant. B. M. Baker and J. W. Sanders, both of Canadian, for appellee.

HUFF, C. J. The appellee, Fred Stallings, brought suit against appellant, J. R. Adair, for damages to growing crop and depredations and destruction of same by appellant's cattle. The suit was filed in the justice court and appealed to the district court of Hemphill county, which, by act of the Legislature had jurisdiction of appeals from the justice court.

[1] The appellant's first assignment of error is to the effect that the district court

had no jurisdiction over the subject-matter. The claim filed in the justice court was for $197.50 with interest. It is urged that at the date of trial the amount of the damage claimed, including interest, was $217, and therefore beyond the jurisdiction of the justice court. Appellant asserts interest was not claimed in the justice court. The record does not sustain this statement. It is not contended that the justice court did not have jurisdiction when the case was first filed in that court. The justice court having jurisdiction of the case when filed under the claim then presented, jurisdiction would not be defeated by the accrual of interest thereon thereafter and oust it of jurisdiction. Railway Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806; Railway Co. v. Cunnigan, 95 Tex. 439, 67 S. W. 888. The court may not have had jurisdiction to render judgment beyond that amount, but the judgment in this case was for the sum of $166; $16 as interest was remitted by appellee after judgment rendered. The court, we think, had jurisdiction.

[2] The statement noted on the justice docket shows that appellee based his cause of action upon appellant's negligence and willful disregard of appellee's rights, and further that the fence through which the cattle entered and the gate through which some of the cattle entered the field belonged to the appellant and was under his exclusive control and management, and that the gate through which the cattle entered was left down by appellant, letting the cattle in upon appellee's crop and destroyed the same; that the fence was awarded by an arbitration committee to appellant, and that it was agreed between appellant and appellee that appellant should keep the said fence up and in repair as a partition fence between appellant and appellee, and that he should place it in good repair by putting in posts and wire and should thereafter maintain said fence. The fence and the contract to keep it up, and the allegation that appellant permitted it to get down, and that he left open gates therein, together with the allegation of his negligence and willfulness, are so intermingled and connected with the injury inflicted that we do not think there was such a misjoinder of causes of action that an exception should be sustained on account thereof. Townes on Pleading, 218, and authorities in note 1.

[3] We are unable to agree with appellant that appellee set up a new and different cause of action in the district court from that set up by him in the justice court. The pleadings in the justice court are oral, and only a brief memorandum need be noted on the docket. In the district court the appellant preserved the oral pleadings therein by having the stenographer take and copy the same in that court, but it is not shown that the oral pleadings were different in the jus-

tice court from the pleadings in the district court. The bill shows substantially the same cause of action in the district court as that noted on the docket of the justice court, amplified but not materially changed. The only pleading which can be said to be different in the district court from that presented in the justice court is that part which alleges that his crop was surrounded with a fence sufficient to turn cattle of ordinary disposition. If this changed the cause of action, it was harmless in that no such issue was presented by the trial court or the evidence for the consideration of the jury. We see no useful purpose to be subserved in discussing the various exceptions of the appellant to the pleadings. If the facts stated on the docket were proven, appellee was entitled to recover.

[4] By exceptions to the statement of appellee to the evidence and to the charge of the court, appellant insists that the oral contract to repair and keep in repair the fence should show the time for performance to avoid the statute of frauds. The contract as pleaded and proved does not provide that it is not to be performed within a year. It might have been performed upon some contingency within a year, and therefore will not be defeated by the statute of frauds. Thomas v. Hammond, 47 Tex. 42; Taylor v. Desere, 81 Tex. 246, 16 S. W. 1008; Railway Co. v. Wood, 88 Tex. 191, 30 S. W. 859, 28 L. R. A. 526; Shropshire v. Adams, 40 Tex. Civ. App. 339, 89 S. W. 448.

We think the trial court properly sustained appellee's exceptions to appellant's answer setting up in reconvention a debt for $30 upon the grounds stated in the exception.

[5] We think the evidence sufficient in this case to show that the tracts of land occupied by appellant and appellee, respectively, were separated by a partition fence. Appellee planted and grew on his land a crop which was destroyed by cattle and other stock, and that about one-half of the crop was destroyed by the appellant's cattle, which went onto the crop through the west half of the fence, sometimes through a gate which appellant opened and left open and other portions of the fence which he failed to repair and suffered to remain out of repair so that it would not turn cattle, and that by reason of such fact appellee was damaged by appellant's cattle, in the amount found by the jury. The evidence is also sufficient to warrant the finding that some time previous to the injury complained of appellee owned the entire division fence. For the purpose of settling a claim for damages for destruction of crops at that time, three of their neighbors went onto the place, and while there, in the presence of appellant and Art Stallings, who was then acting for appellee, Fred Stallings, and as his agent, divided the partition fence between the parties, giving to appellee the east portion of the fence and to appellant the west portion of the fence

These men advised the parties of their conclusion as to the division that should be made in the fence and advised each to repair and keep in repair his part of the fence so that cattle could not get through, and the appellant and appellee there agreed to the division and to observe the directions and suggestions of the committee to repair and keep in repair the fence. It is urged this was not an agreement. We think it is. Appellee gave up the west part of the fence, which belonged to him, and agreed to keep up the east part. Appellant accepted the west part of the fence as his and agreed to repair and keep it up. The witnesses speak of this transaction as an arbitration. It was not such, but it appears rather as a friendly act by outside parties to enable these adjoining owners to agree upon a division fence and to maintain it. By ·this method, the minds of these parties were brought to a meeting, and, when each assented to the same proposition at the same time, we can see no reason why it should not be considered as an agreement. The proposition was not made as an award, but was made as a proposition to be either accepted or rejected. Both parties accepted the proposition as made, and it occurs to us it should be as binding as if the proposition had been made by one of the parties and accepted by the other. Keeble v. Black, 4 Tex. 69; Sweeney v. Snow, 1 White & W. Civ. Cas. Ct. App. § 728. The evidence indicates that this fence was on the division line, and it is clear that it divided the two tracts. Both owners were interested in the fence and were required to maintain it, and, when by agreement one took one portion and the other the other portion, we think he should be held to his undertaking and if one of the joint owners broke it down, or opened and left open gates so that cattle could enter and damage the other, we see no reason why the one so offending should not respond in damages. If either broke loose from the other without the statutory notice, he would be liable for consequent damages to the other. St. Louis Cattle Co. v. Gholson, 30 S. W. 269. Where one negligently or willfully permits the joint fence to be broken down or who leaves open gates into the inclosure of the other and thereby destroys the crop of the other by permitting his cattle to trespass thereon, we think he should be held liable for the damages occasioned thereby. 19 Cyc. 481, 483; Claunch v. Osborn, 23 S. W. 937; Davis v. Davis, 70 Tex. 123, 7 S. W. 826; Tandy v. Fowler, 150 S. W. 481.

The animals of appellant were not loose and straying, but went from appellant's land into appellee's inclosure, through a division fence, of which, under the law, as well as by agreement, appellant was part owner, and which, under the facts found by the jury, he negligently or willfully permitted to remain down and open. If appellant permitted the fence or caused it so to be or remain out of repair, and this was through his fault, then he should respond in damages.

The appellant presents a great number of assignments to the admission of the evidence, to the charge of·the court, and a refusal to give certain special instructions. To review each and all of these assignments would require more time and space than is deemed by us necessary to dispose of the case properly. We think the charge of the court sufficiently instructed the jury that appellee could recover damages only inflicted by appellant's cattle, and that his recovery of damages was confined to the injury so inflicted, and that the charge is not subject to the criticism offered by appellant in that particular, and that it was unnecessary to give the requested special instruction of appellant on that point. We regard the charge as given as a reasonably fair and full presentation of the law applicable to the case proven. It would subserve no good purpose or the ends of justice to reverse and remand this case should there be some technical error not reviewed by us. Appellant introduced no evidence contradicting the testimony of appellee, but the case was submitted alone on appellee's testimony, and a reversal of the case and another trial would not likely result in a different verdict from that given by the jury. The appellee has had the verdict of two juries in his favor, one in the justice court and one in the district court. We think appellant's rights have been sufficiently guarded in the trial in the district court.

The case will be affirmed.