## KLABUNDE v. VOGT HARDWARE CO.
### (No. 5580.)

(Court of Civil Appeals of Texas. San Antonio. Jan. 12, 1916. Rehearing Denied Feb. 9, 1916.)

JUSTICES OF THE PEACE ☞174 — APPEAL — AMENDMENT OF PETITION—JURISDICTION.

The amendment of the petition in the county court, on appeal from a justice, so as to increase the amount of damages asked to more than $200 because of accrual of interest pending the action, did not oust the court of jurisdiction to render judgment for less than $200.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 665–693; Dec. Dig. ☞174.]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the Vogt Hardware Company against Carl Klabunde. From a judgment for plaintiff on appeal from a justice, defendant appeals. Affirmed.

Diedrich A. Meyer and T. E. Simmang, both of San Antonio, for appellant. W. F. Hays, of Boerne, for appellee.

CARL, J. Appellee sued appellant in the justice court of Bexar county for a certain gasoline engine or its value, alleged to be $185, with interest in the sum of $11.25, making a total of $196.25. In the event the engine should be recovered prayer was for $15 damages. The petition was amended in the county court, where the case went on appeal, and it was alleged that the engine was worth $185, and that the interest due to October 10, 1914, made up the total sum sued for, $196.25, and that the interest on said sum from the date of filing brought the total to $204.85. There is no doubt that the justice court did have jurisdiction to try the cause, and it came regularly to the county court on appeal, so that the last-named court acquired jurisdiction. Having so acquired jurisdiction of the cause of action, did it lose it when the amended petition was filed, praying for principal and interest, aggregating $204.85? In a suit in tort, interest is a part of the cause of action for purposes of fixing jurisdiction, and this is such an action. This is one of those cases where damages will accumulate, for if the property is wrongfully detained so that the claimant is entitled to recover interest, the longer the suit is pending the greater will be the damages. If the suit had remained pending in the justice court and interest had run long enough to make the amount exceed $200, would the justice court have lost jurisdiction by reason of that fact? The amended petition in the county court does no more than ask for the same value of the converted property, together with interest up to that date, which at that time brought the amount as prayed for to $204.85. In Ft. Worth & D. C. Ry. Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, on certified question in a similar case from the Second district (Railway v. Underwood, 98 S. W. 453), Judge Williams, speaking for the Supreme Court, said:

"The cause of action asserted was of such a nature that damages might accumulate pending the action, which is true of many actions, as, for instance, those brought for the use of property detained, and the like; but the accrual of further damages in cases of that character does not take away the power of the court to give judgment for an amount claimed which is within its jurisdictional limits. The plaintiff in such cases, with proper pleadings, may recover the entire damage which he has suffered up to the trial; but this right may be restricted by the law limiting the jurisdiction of the court in which he has seen fit to sue. Having brought his action for an amount within the jurisdiction, he is entitled to such judgment as the court has power to render."

In that case, the suit as originally brought was for an amount within the jurisdiction of the county court, but by the third amended petition, in claiming interest to that date, placed the amount at more than $1,000. In the case at bar the amount claimed in the amended petition was within the county court jurisdiction, but would not have been in that of the justice court. The court rendered judgment for $163.50 or $150, with 6 per cent. interest on that sum from October 1, 1913, to April 2, 1915, thus making the sum for which the judgment was rendered. Having regularly acquired jurisdiction of the cause, we think, under the authority of the above case, that the county court had jurisdiction to render such judgment as it entered. And this view is sustained by the following cases: J. F. Siensheimer & Co. v. Maryland Motor Car Ins. Co., 157 S. W. 228; Adair v. Stallings, 165 S. W. 140.

While there are more than one assignment of error, they are all predicated upon the proposition that the county court did not have jurisdiction, after the amended petition was filed in that court; and, since we hold that the county court did have jurisdiction, the assignments are overruled, and the judgment is affirmed.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes