SULZBERGER & SONS CO. OF AMERICA v. HILLE. (No. 129.)

(Court of Civil Appeals of Texas. Beaumont. April 27, 1916. Rehearing Denied July 3, 1916.)

JUSTICES OF THE PEACE ☞54(1) — JURISDICTION—AMOUNT IN CONTROVERSY.

Where a cause of action is such that damages may accrue pending the action, as in actions for property detained, if suit primarily is for an amount within the jurisdiction of a justice's court, the court retains jurisdiction to render judgment for an amount within its original jurisdiction, although damages accrue beyond that amount.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 190, 198; Dec. Dig. ☞54(1).]

Appeal from Jefferson County Court; D. P. Wheat, Judge.

Action by the Sulzberger & Sons Company of America against O. J. Hille. From a judgment for defendant on his cross-action, plaintiff appeals. Affirmed.

Crook, Lord, Lawhon & Ney, of Beaumont, for appellant. Roger L. Burgess and A. F. Jatho, both of Beaumont, for appellee.

BROOKE, J. This suit was brought in justice court, precinct No. 1, Jefferson county, Tex., by issuance of the following citation:

"You are hereby commanded to summon O. J. Hille, a resident citizen of Beaumont, Jefferson county, Tex., if to be found in your county, to be and appear before me, the undersigned H. E. Showers, justice of peace in and for said county of Jefferson, at my office in Beaumont, Tex., precinct No. 1, at the next regular term of said court, to be holden on Monday, 26th day of April, 1915, at 10 o'clock a. m., then and there to answer the suit of the Sulzberger & Sons Company of America, a corporation duly incorporated under the laws of the state of New Jersey, and doing business in Texas by permit duly issued by secretary of state, plaintiff, against O. J. Hille, defendant, filed on the 8th day of April, 1915, file No. 6374, for the sum of $72.76, due upon open account for foreclosure of chattel mortgage lien."

Plaintiff alleges that heretofore, to wit, on the 9th day of June, 1914, and on various dates thereafter, up to and including the 17th day of December, 1914, it sold and delivered to defendant, at his special instance and request, goods, wares, and merchandise to the total value of $86.87, on which there is a balance due of $76.76; for the purposes of securing his purchases theretofore made and thereafter to be made from plaintiff defendant placed with plaintiff one certain dark bay mare between nine and ten years old, weighing between 800 and 900 pounds; that it was agreed and understood that said mare should be held and kept by plaintiff as security for the payment by defendant of his debt due plaintiff, thereby creating a valid and subsisting chattel mortgage lien on said dark bay mare, weighing between 800 and 900 pounds, and being nine or ten years old; that said mare is of the reasonable value of $100. Wherefore plaintiff prays judgment for the sum of $72.76, for foreclosure of its chattel mortgage lien on said mare above described, and general relief.

Defendant answered in said justice court by general demurrer and special exception, and general denial, and special answer, the second part of said special answer being as follows:

"Defendant denies that portion of plaintiff's petition in which it is alleged that defendant placed with the plaintiff one certain bay mare to secure the payment of said amount, and that defendant alleges that on the 4th day of November, 1914, by and through its agent, John Reagan, plaintiff entered into a contract or agreement with the defendant by the terms of which plaintiff was to purchase the bay mare described in the plaintiff's petition; that before plaintiff should close the deal for the said mare the defendant was to allow the plaintiff to take the said mare and use her for two or three days for the purpose of ascertaining her qualities; that

187 S.W.—63

at the end of said time, should the plaintiff find the mare satisfactory, that the plaintiff would purchase the said mare, and that the plaintiff would give him a bill of sale for said mare, but, in the event plaintiff did not find said mare satisfactory, then plaintiff was to deliver the said mare back to the defendant, paying the defendant $1 per day for each and every day that the plaintiff so used the said mare and kept her in his possession; that thereafter the defendant demanded the said mare from plaintiff after finding the plaintiff did not wish to purchase, and demanded his pay for the use of said mare at the rate of $1 per day, at the same time informing plaintiff that he was so charged with $1 per day as long as plaintiff kept said mare; that plaintiff has kept the said mare in its possession since the defendant delivered her to plaintiff on the said 4th day of November, 1914, and so continued to keep her, and refused to deliver her to plaintiff, and refused to pay him said sum of $1 per day for each day the plaintiff has had the possession of said mare; that the mare is the personal property of the defendant and is of the value of $150; and that the defendant has been damaged by the wrongful acts of said plaintiff in the sum of $160, as rent up to the date of the filing of this answer. Wherefore the defendant prays judgment for the possession of his said mare, and for his damages at the rate of $1 per day from the 4th day of November until the said mare is delivered back to the defendant."

Upon trial in the justice court the plaintiff recovered the amount prayed for, but the court was of the further opinion that the plaintiff had not established any kind of a lien upon said mare, and that the defendant was entitled to her possession, but the court refused to render judgment in any amount for the use of said animal. The case was appealed to the county court at law. When the case reached said county court, the plaintiff filed a supplemental petition, in answer to the defendant's answer above set out, which was as follows:

"Plaintiff excepts to said answer and cross-action and says same sets out no defense to plaintiff's cause of action, and sets out no cause of action against plaintiff on said cross-action and of this plaintiff prays the judgment of the court.

"Plaintiff denies all and singular the matters set out in said answer, and demands strict proof thereof, and of this he puts himself upon the country."

On the 3d day of November, 1915, upon the pleadings as above set out, a judgment was had in the said county court at law that the plaintiff recover from the defendant the sum of $68.81, being the balance due it upon open account; the judgment further reciting that the plaintiff had no valid lien on the mare, and that the defendant has a title to said mare, and is entitled to the possession thereof, and that the plaintiff is ordered to restore the mare to defendant, and, in addition, that the defendant recover from plaintiff, upon cross-action, the sum of $1 per day for the use of said mare from the 15th day of December, 1914, to the 1st day of July, 1915, making a period of 169 days, aggregating the sum of $169.

The court filed his findings of fact and conclusions of law. Plaintiff filed his motion for new trial, among other things setting out

that the court erred in overruling plaintiff's exception to the jurisdiction of the court to hear and determine defendant's cross-action, because the recovery sought in such cross-action was beyond the jurisdiction of the justice court, in which this cause originated, thus raising the question of jurisdiction, which is the only question to be determined in this case. The court overruled plaintiff's motion for new trial, and the case is properly before this court for adjudication.

By the first assignment of error plaintiff assails the action of the lower court in overruling plaintiff's special exception to the jurisdiction of the court to hear and determine defendant's cross-action, because the recovery sought in such cross-action was beyond the jurisdiction of the justice court, in which court the cause originated, and it is earnestly insisted that under the pleadings of the defendant he could have recovered, upon proper proof, $1 per day from the said 4th day of November, 1914, until the time of the trial in the county court, which was had on the 3d day of November, 1915, a period of over 300 days, and which said amount would be beyond the jurisdiction of the justice court, and the proposition is made that a justice court has no jurisdiction to try a counterclaim the items of which, taken collectively, exceed $200, and that an appeal to the county court from a judgment in such court confers no jurisdiction.

It will be seen that the defendant did not pray, in the alternative, for the value of the horse. He merely asked that possession of the horse be restored to him, and for damages at the rate of $1 per day from November 4, 1914, until the said mare was delivered back to him. Both courts found that the plaintiff had no valid lien.

In the case of Klabunde v. Vogt Hdw. Co., 182 S. W. 715, the court, in passing on that case, said:

"Appellant sued appellee in the justice court of Bexar county for a certain gasoline engine or its value alleged to be $185, with interest in the sum of $11.25, making a total of $196.25. In the event the engine should be recovered prayer was for $15 damages. The petition was amended in the county court, where the case went on appeal, and it was alleged that the engine was worth $185, and that the interest due to October 10, 1914, made up a total sum sued for $196.25, and that the interest on said sum to the date of filing brought the total to $204.85. There is no doubt that the justice court did have jurisdiction to try the cause, and it came regularly to the county court on appeal, so that the last-named court acquired jurisdiction. Having so acquired jurisdiction of the cause of action, would it lose it when the amended petition was filed praying for principal and interest, aggregating $204.85? In a suit in tort interest is a part of the cause of action for the purposes of fixing jurisdiction, and this is such an action. This is one of those cases where damages *will accumulate* [italics ours]; for, if the property

is wrongfully detained so that the claimant is entitled to recover interest, the longer the suit is pending the greater will be the damages. If the suit had remained pending in the justice court, and interest had run long enough to make the amount exceed $200, would the justice court have lost jurisdiction by reason of that fact? The amended petition in the county court does no more than ask for the same value of the converted property, together with interest up to that date, which at that time brought the amount as prayed for to $204.85. In Ft. Worth & Denver City Ry. Co. v. Underwood [100 Tex. 284] 99 S. W. 92 [123 Am. St. Rep. 806], on certified question in a similar case from the Second District, Railway Co. v. Underwood, 98 S. W. 453, Judge Williams, speaking for the Supreme Court, said: 'The cause of action asserted was of such a nature that damages might accumulate pending the action, which is true of many actions, as for instance, those brought for the use of property detained, and the like; but the accrual of further damages in cases of that character does not take away the power of the court to give judgment for an amount claimed, which is within its jurisdictional limits. The plaintiff in such cases, with proper pleadings, may recover the entire damage which he has suffered up to the trial; but this right may be restricted by the law limiting the jurisdiction of the court in which he has seen fit to sue. Having brought his action for an amount within the jurisdiction, he is entitled to such judgment as the court has power to render.'

"In that case the suit as originally brought was for an amount within the jurisdiction of the county court, but by the third amended petition * * * was within the county court jurisdiction, but would not have been in that of the justice court. The court rendered judgment for $163.50 or $150, with 6 per cent. interest on that sum from October 1, 1913, to April 2, 1915, thus making the sum for which the judgment was rendered. Having regularly acquired jurisdiction of the cause, we think, under the authority of the above case, that the county court had jurisdiction to render such judgment as it entered. And this view is sustained by the following cases: J. F. Siensheimer & Co. v. Maryland Motorcar Ins. Co., 157 S. W. 228; Adair v. Stallings, 165 S. W. 140.

"While there is more than one assignment of error, they are all predicated upon the proposition that the county court did not have jurisdiction after the amended petition was filed in that court; and, since we hold that the county court did have jurisdiction, the assignments are overruled, and the judgment is affirmed."

In the instant case the judgment of the court was for $169, an amount within the original jurisdiction of the justice court, and within the appellate jurisdiction of the county court at law. We think, as stated in the above case, while there is more than one assignment of error, they are all predicated upon the same proposition, and, since we hold that the justice court and the county court had jurisdiction, it disposes of each assignment.

Having given careful consideration to the record, and being of the opinion that no error was committed by the trial court, the cause is in all things affirmed; and it is so ordered.