ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. HERNDON PRODUCE CO. et al. (No. 5643.)

(Court of Civil Appeals of Texas. Austin. June 21, 1916.)

1. COURTS ⚖️37(1)—WAIVER OF ERROR—JURISDICTIONAL MATTERS—FUNDAMENTAL ERROR.

Entire want of jurisdiction due to demand in excess thereof is fundamental error which cannot be waived.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 147; Dec. Dig. ⚖️37(1).]

2. COURTS ⚖️169(4)—JURISDICTION—TEXAS—COUNTY COURT—INTEREST.

Interest on damages demanded, being a part of the damages and not in fact "interest," the county court is without jurisdiction if the total demand, plus interest demanded, exceeds $1,000.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 419, 420, 429–436; Dec. Dig. ⚖️169(4).]

Appeal and Error from McLennan County Court; Geo. N. Denton, Judge.

Action by G. Herndon, doing business un-der the name of the Herndon Produce Company, against the St. Louis Southwestern Railway Company and others. Judgment for plaintiff against all defendants, and for the St. Louis Southwestern Railway Company against the other defendants, and the St. Louis Southwestern Railway Company appeals, and the other defendants bring error. The proceedings were consolidated. Reversed and dismissed.

E. B. Perkins, of Dallas, Scott & Ross, of Waco, and Bennett Hill and G. D. Hunt, both of Dallas, for appellant and plaintiffs in error.

KEY, C. J. G. Herndon, doing business in the firm name of Herndon Produce Company, brought this suit in the county court against the St. Louis Southwestern Railway Company of Texas and certain other railway corporations, and sought to recover damages resulting from alleged delays in the transportation of a certain shipment of eggs from Waco, Tex., to New York City, in the state of New York. There was a jury trial, which resulted in a judgment for the plaintiff against all of the defendants for $1,137.-60, with interest at 6 per cent. per annum from date of judgment. There was also a judgment over in favor of the St. Louis Southwestern Railway Company against the other defendants for the amount recovered by plaintiff from that defendant. The St. Louis Southwestern Railway Company has prosecuted an appeal and filed a transcript in this court on October 7, 1915, and the other defendants have sued out a writ of error and filed a transcript in this court November 11, 1915; and upon motion of the plaintiffs in error the two appeals have been consolidated in this court.

[1, 2] The first question presented for consideration involves fundamental error of such a nature that it cannot be waived. In other words, the contention is that the plaintiff's petition shows upon its face that the amount in controversy was in excess of the jurisdiction of the county court. The plaintiff alleged in his petition that the shipment of eggs should have reached the New York market on the 23d day of November, 1912, but that it was wrongfully delayed by the defendants, and did not reach that market until the 26th day of that month, and that the market price of eggs had depreciated from $12 per case on February 23, 1912, to $9.60 per case on the 26th day of that month, when they were sold, and that as a result of such depreciation in value and wrongful delay in the shipment, the plaintiff lost in the difference of market value of the eggs $960, and he prayed for judgment against the defendants for that amount—

"together with interest thereon from the 26th day of February, A. D. 1912, with his costs of

court and such other and further relief as in law or equity he may show himself entitled to."

It is stated in the briefs of the appealing litigants, and not denied by appellee, that the suit was commenced on April 9, 1913, and the record affirmatively shows that the original petition was filed during the year 1913, though the month and day are not stated. It is well settled by the decisions in this state that the 6 per cent. upon the $960, which the plaintiff denominated "interest," and sought to recover from February 26, 1912, was not in fact interest, but was a portion of the damage sued for; and if at the time the suit was commenced the 6 per cent. referred to, added to the $960, made an aggregate amount in excess of $1,000, then the county court had no jurisdiction of the subject-matter. Omitting fractions, a simple calculation will show that 6 per cent. of $960 is $4.80 per month. The record shows that the original petition was filed during the year 1913, and if it be conceded that it was filed on the first day of that year, the time intervening between February 26, 1912, and the commencement of the suit was at least ten months, which adds $48 to the $960, making a total of $1,008. So it appears that the county court was without jurisdiction to try the case, and therefore the judgment is reversed, and the case dismissed. F. W. & D. C. R. R. Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806; Baker v. Smelser, 88 Tex. 26, 29 S. W. 377, 33 L. R. A. 163; Schulz v. Lessman, 92 Tex. 488, 49 S. W. 1031; Ft. W. & R. G. R. R. Co. v. Mathews, 169 S. W. 1052; Rotan Gro. Co. v. M., K. & T. Ry. Co., 142 S. W. 623; Ft. W. & D. C. R. R. Co. v. Everett, 95 S. W. 1085.

Reversed and dismissed.