HEGMAN v. ROBERTS.   (No. 5836.)

(Court of Civil Appeals of Texas.   Austin.
Jan. 31, 1918.   Rehearing Denied
Feb. 27, 1918.)

1. JUSTICES OF THE PEACE ⊜⊃141(4)—APPEAL
—JURISDICTION—ADDITIONAL CLAIM.
   The county court, on appeal from a justice, has jurisdiction to adjudicate a claim for additional damages from deterioration of attached goods since the appeal, though this raised the amount involved above $200.

2. TRIAL ⊜⊃240—ARGUMENTATIVE INSTRUCTION.
   Instruction: "You are charged that the party who resorts to an attachment process does so at his own peril. No belief, however firm and sincere, that the grounds set out in his affidavit are true, can affect defendant's right to recover against him the actual damage sustained, if in fact they are untrue"—is argumentative; likely to be taken by the jury as indicating that the court thought that no ground for attachment existed.

3. TRIAL ⊜⊃194(7)—INSTRUCTIONS—WEIGHT
OF EVIDENCE.
   Objection to a charge as on the weight of evidence is not tenable where there is no dispute as to the fact.

4. APPEAL AND ERROR ⊜⊃928(3)—RECORD—
SHOWING ERROR—PRESUMPTION.
   Appellant being required to show error, it will be presumed, in the absence of statement of facts, in favor of an instruction on weight of evidence, that the fact was undisputed.

5. JUDGMENT ⊜⊃253(4)—FORM.
   Judgment should not be for plaintiff for amount sued for, and for defendant on his cross-action for a greater amount, but that plaintiff take nothing, and defendant recover the excess.

Appeal from Bell County Court; W. S. Shipp, Judge.

Action by J. J. Hegman against Miss Lustre Roberts. From an adverse judgment, on appeal from a justice, plaintiff appeals. Reformed and affirmed.

Will Glover, of San Antonio, and N. P. Woodward, of Temple, for appellant.

JENKINS, J.   Appellant brought suit against appellee in the justice court for rent, $130, and damage to a window, $50, total, $180.   He sued out a writ of attachment upon the alleged grounds that appellee was about to dispose of her property with the intent to defraud her creditors. Appellee filed a cross-action for damages in the sum of $200 for wrongfully and maliciously suing out the attachment. Upon a trial in the justice court the appellee recovered judgment for $200 on her cross-action, from which appellant appealed to the county court.

In the county court the appellee amended her answer, and alleged actual damages in the sum of $500, and punitory damages in the sum of $150. It may fairly be inferred from the record that the additional damages claimed by appellee in the county court were such as had accumulated by reason of the additional deterioration of the goods attached since the trial in the justice court. The property attached was merchandise, and was not replevied by either party, but remained in the hands of the constable to the time of the trial.

The case was submitted on special issues, and the jury found, among other things, that the market value of the goods at the time of the seizure was $889, and at the time of the trial was $600. The judgment of the county court recites that the appellee "pleaded continued damages to the time of the trial."

Appellant excepted to appellee's plea for damages, upon the ground that the amount of the same ($650) was beyond the jurisdiction of the justice court in which the case originated, and that for that reason; the county court had no jurisdiction to try said cross-action. The exception was overruled, and appellant excepted to the action of the court in this regard.

Upon the findings of the jury that the attachment was wrongfully sued out, and that appellee's actual damages occasioned thereby was $289, and that appellee was indebted to appellant in the sum of $89, the court rendered judgment for appellant for $89, and for appellee for $289.

[1] The appellant, under a proper assignment of error, submits the proposition that "the county court had no power under its appellate jurisdiction to take cognizance of, or render judgment for, a greater amount than could have been considered and adjudicated by the justice court." He cites, in support of his proposition, Cain v. Culbreath, 35 S. W. 809; Barnett v. Ward, 144 S. W. 697; Ostrom v. Traver, 28 S. W. 701; Ry.

Co. v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415; Ry. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982. These authorities sustain appellant's proposition. We are, however, of the opinion that the proposition is not ·sound. It is well settled that a county court has no jurisdiction to try a case appealed from a justice court where such court was without jurisdiction. But where, as in this case, the justice court had jurisdiction, and the county court has acquired jurisdiction by appeal, we can see no reason why a defendant may not thereafter amend his pleadings in the county court, and claim any amount of damages within the jurisdiction of the county court, where such amended plea does not set up a new cause of action, but simply amplifies the plea for damages set up in the justice court. Had the amended plea for damages not exceeded the jurisdiction of the justice court, there can be no doubt that it would have been proper to allow the same. Von Boeckmann v. Loepp, 73 S. W. 849. Why should a court which has properly acquired jurisdiction by appeal be ousted of such jurisdiction by a plea in reconvention for damages involving the same transaction tried in the court below, simply because the amount claimed is in excess of the amount which could have been adjudicated in the court below, but not in excess of the jurisdiction of the court in which the amendment is filed? In this connection it should be remembered that a county court is not an appellate court in the sense of revising the errors committed by a justice court, but that it tries the case appealed de novo and upon its merits.

Had appellee not filed her plea in reconvention, or had she withdrawn such plea, she might have sued the appellant in the county court for the amount claimed herein for wrongfully suing out the attachment. In such case, the appellant's suit being pending in the county court for rent, and appellee's suit for damages growing out of the alleged wrongful attachment in the justice court being also pending, it would have been proper for the county court, upon motion of either party, to have consolidated said suits, and tried the whole transaction at one time. It occurs to the writer that it is a strained technicality to say the county court would have jurisdiction to consolidate such cases, but would have no jurisdiction to try all the issues at the same time if pleaded in one suit instead of two.

But, without reference to this point, we are of the opinion that appellant's assignment as to the jurisdiction of the county court should be overruled, for the reason that, the county court having acquired jurisdiction by appeal by reason of the amount in controversy in the justice court not being in excess of $200, it had jurisdiction to adjudicate the claim for additional damages by reason of the alleged deterioration in the value of the goods attached since the appeal. Ry. Co. v. Underwood, 100 Tex. 285, 99 S. W. 92, 123 Am. St. Rep. 806; Sulzberger v. Hille, 187 S. W. 992; Klabunde v. Vogt, 182 S. W. 715.

[2-4] Appellant assigns error on the court's giving the following special charge at the request of appellee:

"You are charged that the party who resorts to an attachment process does so at his own peril. No belief, however firm and sincere, that the grounds set out in his affidavit are true, can affect the defendant's right to recover against him the actual damage sustained, if in fact they are untrue."

This is the law, but it is improper for the court to so instruct a jury, inasmuch as it is argumentative, and may be taken by the jury as indicating that the court thought that no ground for the attachment existed. The error assigned by appellant is that the charge is upon the weight of the evidence. This objection to a charge is not tenable where there is no dispute as to the fact. There is no statement of facts in the record, and we must conclude that the testimony as to the attachment being wrongfully sued out was undisputed. The burden is on the appellant to show error, and, he not having done so, his assignment is overruled. We have considered the other assignments, and, finding no error of record as to any of them, we overrule the same.

[5] The court entered judgment for the appellant for $89, and for the appellee for $289. The one amount should have been deducted from the other, and judgment should have been rendered that the appellant take nothing, and that appellee have judgment for $200, and we here reform the judgment, and render the judgment which should have been rendered by the trial court.

As thus reformed, the judgment of the trial court is affirmed.