## TEXAS POWER & LIGHT CO. v. HALE.
### (No. 11225.)*

(Court of Civil Appeals of Texas. Fort Worth. June 27, 1925. Rehearing Denied Oct. 10, 1925.)

1. **Justices of the peace** ⊜⟹44(3) — **Petition held to state cause of action within jurisdiction of justice court.**

Petition claiming damages to automobile in net amount of $55, and also $80 for loss of use of car, and $25, as attorney's fee, *held* to state cause of action within justice court's jurisdiction.

2. **Justices of the peace** ⊜⟹174(12) — **When amount involved may on appeal be increased beyond jurisdiction of justice courts stated.**

It is only where damages accumulate with reference to same matter or thing that amount involved in the cause appealed from justice court may be increased beyond jurisdiction of justice court in county court.

3. **Appeal and error** ⊜⟹1050(1)—**Any error in admitting evidence as to original cost of automobile held harmless.**

In action for damage to automobile, where court might take judicial cognizance of rule that automobiles are sold new for fixed price, and plaintiff could have established loss sustained by proof of fair market value of car immediately before and after accident, any error in admitting testimony as to original cost of car four months before accident was harmless.

⊜⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error granted December 2, 1925.

**4. Evidence ⬅➔20(1)—Judicial cognizance taken of rule that automobiles are universally sold new for fixed price.**

The court of civil appeals may take judicial cognizance of well-recognized rule that automobiles are sold for fixed price in United States, or at least all over Texas.

**5. Damages ⬅➔39—Reasonable cost of replacements and repairs element of recovery.**

When injured article is susceptible of restoration, the reasonable cost of replacements and repairs is one of the elements of recovery.

**6. Damages ⬅➔39—Use of article during time plaintiff deprived thereof element of recovery.**

When injured article is susceptible of restoration, plaintiff may recover value of its use during time he was deprived of it.

**7. Damages ⬅➔159(5)—Failure to sustain exception to pleading for loss of use of car and admitting evidence thereof held without error.**

In action for injuries to automobile, there was no error in overruling exception to petition for 72 days' loss of time and admitting evidence of that fact, in view of evidence that 9 days after accident plaintiff tested repaired car, and returned it to garage under agreement with defendant to leave it in the shop until adjuster of casualty company inspected it; no additional repairs being made thereafter.

**8. Appeal and error ⬅➔1050(1)—Error in admitting testimony as to cost of parts and work done on automobile held harmless.**

Where garage owner testified that automobile parts and work necessary to replace them amounted to named sum, any error in admitting plaintiff's testimony that parts and work would amount to named sum, based on what garage owner told him, was harmless.

Appeal from Johnson County Court; O. B. McPherson, Judge.

Action by J. N. Hale against the Texas Power & Light Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Kilpatrick & Kilpatrick and J. O. Lockett, all of Cleburne, for appellant.

Jackson & Jackson, of Cleburne, for appellee.

BUCK, J. [1, 2] We think that the justice court had jurisdiction of the case as it was filed. Citation shows that the claim was for $105 damage to the automobile, less $50 expended by the defendant in the partial repair thereof, and also $80 for 40 days' loss of the use of the car at $2 a day, and $25 as attorney's fee. This makes the damages sought only $160. Either in the justice court, or after the case was called in the county court, plaintiff abandoned his claim for the attorney's fee. In the county court claim was made for an additional 32 days' loss of the use of the car, accruing subsequent to the filing of the original suit in the justice court. At the time the suit was filed, and at the time the judgment in the justice court was rendered, the petition stated the cause of action within the justice court's jurisdiction. After the appeal was perfected and the cause was in the county court, the plaintiff amended his petition and prayed for further damages by reason of being deprived of his car for a longer period. As said by the Supreme Court in Ft W. & D. C. Ry. Co. v. Underwood, 100 Tex. 284, 99 S. W. 92, 123 Am. St. Rep. 806:

"The jurisdiction of a court a quo, aside from questions arising from the subsequent assertion of new causes of action, is determined by the matter put in issue when the suit is brought. But as, in cases in which damages accumulate pending the action, the amount recoverable when judgment is rendered may be greater than that recoverable at its institution, the right of appeal is properly held to depend upon the amount in issue and which the court has the power to adjudge at the time of the trial. This is the holding in the Fromme Case [98 Tex. 459, 84 S. W. 1054]."

See G. W. T. & P. Ry. Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054.

In M., K. & T. Ry. Co. v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415, Vicars v. Tharp, 174 S. W. 949, and H. & T. C. Ry. Co. v. Lewis, 185 S. W. 593, the Courts of Civil Appeals held that the amount in controversy cannot be increased by amendment, on appeal to the county court, beyond the amount of the justice court's jurisdiction. In some of those cases the ruling was correct, although the unqualified statement of the rule was misleading. For instance, as in one of the cases, the plaintiff could not in the county court plead for damages to certain cattle not mentioned in the justice court pleadings. It is only where the damages accumulate with reference to the same matter or thing that the amount involved in the cause appealed from the justice court may be increased beyond the jurisdiction of the justice court in the county court.

In Hegman v. Roberts, 201 S. W. 268, the Austin Court of Civil Appeals, speaking through Justice Jenkins, said:

"The appellant, under a proper assignment of error, submits the proposition that 'the county court had no power under its appellate jurisdiction to take cognizance of, or render judgment for, a greater amount than could have been considered and adjudicated by the justice court.' He cites, in support of his proposition, Cain v. Culbreath [Tex. Civ. App.] 35 S. W. 809; Barnett v. Ward [Tex. Civ. App.] 144 S. W. 697; Ostrom v. Traver [Tarver] [Tex. Civ. App.] 28 S. W. 701; Ry. Co. v. Hughes, 44 Tex. Civ. App. 436, 98 S. W. 415; Ry. Co. v. Hood, 59 Tex. Civ. App. 363, 125 S. W. 982. These authorities sustain appellant's proposition. We are, however, of the opinion that the proposition is not sound. It is settled that a county court has no jurisdiction to try a case appealed from a justice court where such court was without jurisdiction. But where, as in this

---

⬅➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

case, the justice court had jurisdiction, and the county court has acquired jurisdiction by appeal, we can see no reason why a defendant may not thereafter amend his pleadings in the county court, and claim any amount of damages within the jurisdiction of the county court, where such amended plea does not set up a new cause of action, but simply amplifies the plea for damages set up in the justice court. Had the amended plea for damages not exceeded the jurisdiction of the justice court, there can be no doubt that it would have been proper to allow the, same. Von Boeckmann v. Loepp [Tex. Civ. App.] 73 S. W. 849. Why should a court which has properly acquired jurisdiction by appeal be ousted of such jurisdiction by a plea in reconvention for damages involving the same transaction tried in the court below, simply because the amount claimed is in excess of the amount which could have been adjudicated in the court below, but not in excess of the jurisdiction of the court in which the amendment is filed? In this connection it should be remembered that a county court is not an appellate court in the sense of revising the errors committed by a justice court, but that it tries the case appealed de novo and upon its merits."

See Sulzberger v, Hille (Tex. Civ. App.) 187 S. W. 992.

We do not go as far as the court in Hegman v. Roberts, supra. The assignments attacking the jurisdiction of the justice court, and the jurisdiction of the county court, are hereby overruled.

[3, 4] In various assignments complaint is made that the trial court erred in admitting testimony as to the original cost of the Ford car some four months before the accident, and testimony as to what the car in its claimed impaired condition, after the accident and after the repairs had been made on it by defendant, could have been sold for, etc. We believe that we might be permitted to take judicial cognizance of the well-recognized rule that Ford cars and other automobiles are sold new for a fixed price all over the United States, or at least all over this state. Therefore, what the plaintiff paid for the car new would be its market value. But compensation for the loss sustained was what plaintiff was entitled to. He could have established this amount by proof of the fair market value of the car immediately before and immediately after the accident, or the reasonable cost of putting the car in as good condition after the accident as it was before. As to the measure of damages, the court charged the jury to find what amount of money would be required to compensate the plaintiff for the damage done by reason of the negligence, if any, of the defendant. The answer was $140.10. Proof was made by plaintiff of the reasonable cost of the parts necessary to place the car in the condition it was before the accident and the reasonable charges for the work necessary to be done.

[5, 6] Further evidence was offered as to the reasonable value of the use of the car during the time when plaintiff claimed to have been deprived of such use by reason of the accident. We think that it is evident that any error in the trial court's admission of the testimony as to the original cost of the car, four months before the accident, is harmless, at any rate. When the injured article is susceptible of restoration, the reasonable cost of replacements and repairs is one of the elements of recovery, but not necessarily the only one. The plaintiff may recover the value of the use of the article during the time he was deprived of it. C., R. I. & G. Ry. Co. v. Zumwalt, 239 S. W. 912, by the Commission of Appeals, and authorities there cited. We think that the plaintiff was entitled to have his car restored to the condition it was in prior to the accident, and that he was not required to go into the second-hand market and secure parts for the purpose of replacement. We think that a jury would be authorized to find that a new car which had been used only four months with reasonable care in the use thereof was substantially as valuable as a new car, and that the cost of the parts injured by an accident should be borne by the defendant at fault, and that the cost of the new parts is properly chargeable to the defendant. C., R. I. & G. Ry. Co. v. Zumwalt, supra.

[7] Complaint is made that the trial court improperly permitted plaintiff to sue in the county court for 72 days' loss of the use of the car. It is urged the evidence shows that 9 days after the accident defendant notified plaintiff that the car had been repaired and to come to its shop and see if the car was satisfactory. Plaintiff did go, drove the car around the city, and brought it back, and claimed that the car did not operate as it did before—that the front and rear wheels were not in alignment, and one of the axles was bent, and other repairs were necessary. The manager of the defendant company agreed with plaintiff to leave the car in the shop, and assisted him to write a letter to the casualty company, in which the defendant had a blanket accident policy. He told the plaintiff that the adjuster of the casualty company would could to Cleburne soon and the matter would be arranged. The accident occurred on September 2, 1923. The plaintiff did not get the car from defendant's repair shop until some time in November. The evidence does not show that the defendant made any additional repairs or replacements on the car to meet plaintiff's demand, or that the representative of the casualty company ever came to Cleburne in an effort to adjust the matter. We think, in view of the agreement on the part of the defendant's manager for plaintiff to leave the car at its shop to await adjustment, that no error is shown in the failure to sustain the exception of defendant to plaintiff's pleading for the 72 days loss of time, and in admitting evidence of that fact.

[8] At the time of the accident plaintiff secured the assistance of J. T, Comte, a garage

owner, to help him to determine the cost of the repairs necessary. Plaintiff testified that the parts and the work necessary to replace them amounted to $105. Defendant objected to this testimony on the ground that it was hearsay. But Comte testified to the same effect, and no question is raised as to his qualification to testify as to the cost of such parts and the work necessary to be done, and he made the total cost about the same as shown by the testimony of plaintiff. Therefore we think that any error in admitting the testimony of plaintiff as to the cost of the parts and the work necessary to be done, based on what Mr. Comte had told him, becomes harmless.

All assignments are overruled, and the judgment is affirmed.