## Inhabitants of RICHMOND vs. Inhabitants of LISBON.

Where a woman resides in a town with her husband for four years; when he dies, and she continues to reside therein for the two succeeding years, unmarried, she gains no settlement in the town by such residence.

THE action was brought for supplies furnished to one *Mary Umberhind*, alleged to have had her legal settlement in *Lisbon*, and came before the Court on a statement of facts agreed by the parties. If the pauper had her settlement in *Lisbon*, a default was to be entered; but if in *Richmond*, the plaintiffs were to become nonsuit. *Mary*, the pauper, lived with one *Edward Umberhind*, as his wife, and was reputed to be his wife, in *Lisbon* from 1819 to 1828. From thence they removed to *Dresden*, and from *Dresden* to *Richmond*, in *October*, 1830, and there resided until his death in *January*, 1835. The pauper, *Mary*, continued to reside in *Richmond*, until *February*, 1836, when the supplies were furnished for which this suit was brought. They further agreed, that if actual marriage was a fact of importance in the case, in the opinion of the Court, that there should be a jury trial to determine how the fact was.

*F. Allen*, for the plaintiffs, referred to his argument, in *Thomaston* v. *St. George*, argued the present term prior to this, embracing other points, but it is not known to the reporter, that an opinion has been delivered in that case. He there contended, that while the pauper was under coverture, she could gain no settlement in her own right by residence, and could have one only derivatively from her husband; that the husband had none by a residence of less than five years; and that she had none in her own right from a residence of less than two years. In *Thomaston* v. *St. George*, he cited *Shirley* v. *Watertown*, 3 *Mass. R.* 322; *Winchendon* v. *Hatfield*, 4 *Mass. R.* 123; *Hallowell* v. *Gardiner*, 1 *Greenl.* 101; *Biddeford* v. *Saco*, 7 *Greenl.* 270; *Athol* v. *New-Salem*, 7 *Pick.* 42.

*S. Moody*, for the defendants.

Richmond *v.* Lisbon.

The case was continued for advisement, and the opinion of the Court was afterwards drawn up by

EMERY J. — The residence of *Edward Umberhind*, with his reputed wife, *Mary*, in the town of *Lisbon*, from 1819 to 1828, would fix her settlement *there*, unless she acquired a new settlement in *Richmond* with her reputed husband, by his removing with her to that town in *October*, 1830, and there residing till his decease in *January*, 1835, not having received any supplies for his support, and by her continuing after her husband's death, there to reside, without receiving supplies till *Feb.* 1836.

But her husband failed of accomplishing a residence of full five years in *Richmond*, and unless we can connect the residence of the wife, while under the power of her husband, when her will was merged in his, with her own voluntary act of residence, after she became a widow, we cannot adjudge her settlement to be in *Richmond*. According to the spirit of former decisions on this subject of settlement, arbitrary it must be admitted, and perhaps carried out upon refined reasoning in regard to the subjugation of the wife, respecting her chance of settlement, to the husband's judgment, yet as he did not gain one in *Richmond*, we must leave her with her settlement in *Lisbon*, which she *had derivatively from her husband.*

As there is no evidence, at present, rendering the marriage doubtful, we do not consider it important to send the cause to a jury, to make it more certain. The action seems to us maintainable upon the facts agreed, and the defendants must be defaulted.