JOHNSON v. NATIONAL CASUALTY COMPANY

---

(June 7, 1926. Opinion and Decree.)

---

(*Syllabus by the Court*)

1. **Louisiana Digest—Courts—Par. 19.**

In determining jurisdiction, as dependent on the amount in controversy, the amount, for which, in the aspect of the case most favorable to plaintiff, judgment could be rendered controls.

2. **Louisiana Digest—Courts—Par. 89.**

The First City Court is without jurisdiction of monied demands in excess of $300.00, but plaintiff may amend his petition, and remit the excess, when the original petition claims more than the jurisdictional limit.

Appeal from the First City Court, Section "C". Hon. W. V. Seeber, Judge.

Action by Americus Johnson against National Casualty Company.

There was judgment for plaintiff and defendant appealed.

Judgment amended and affirmed.

J. J. Wingrave, of New Orleans, attorney for plaintiff, appellee.

M. C. Scharff, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. This is a suit on an

insurance policy providing for the payment of a sick benefit in the sum of $60.00 per month.

Plaintiff sued for $280.00 or for indemnity for an illness alleged to have extended over a period of four and two-thirds months, and, in addition, for the sum of $280.00 as double indemnity under Act —— of ——. The prayer of the petition reads as follows:

"Wherefore, petitioner prays that a copy of this petition, together with citation, be served upon defendant, the National Casualty Company of Detroit, Mich., and after due legal delays and proceedings had, there be judgment in favor of petitioner, Americus Johnson, condemning defendant to pay petitioner the sum of Two Hundred and Eighty Dollars and double the amount of the policy No. 630029 due to said defendant refusing to pay petitioner without reasonable grounds or provocation the weekly or monthly benefits under said policy and for attorney's fees incurred. And for all costs and general and equitable relief."

To this petition defendant filed an exception to the jurisdiction ratione materiae which was overruled and defendant permitted to file a supplemental petition, reducing her claim to $280.00. Whereupon defendant answered stating that plaintiff was suffering from a chronic disease and that, under the terms of its policy, its liability was limited, in such case, to sixty dollars. There was judgment for plaintiff, as prayed for, and defendant appealed.

The jurisdiction of the First City Court is limited to monied demands not in excess of $300.00. The case, as presented in the original petition involved a larger amount for on determining jurisdiction as defendant on amount in controversy, the amount for which in the aspect of the case most favorable to plaintiff judgment could be rendered controls. 15 C. J., Verbo "Courts", page 753.

The court, therefore, had no jurisdiction of the suit as originally filed. Could it permit an amendment of the petition abandoning a part of the claim so as to confer jurisdiction?

We know of no Louisiana authority in point. Perhaps the case of Wolf vs. Witherall, 22 La. Ann. 25, has some bearing. In that case it was held that:

"The amount due at the time of the institution of the suit constitutes the matter in dispute."

But the question there considered involved the appellate jurisdiction of the Supreme Court and the case is not analogous.

We turn to the common law jurisdictions and find the subject in much doubt. There is seemingly as much authority one way as the other.

"That parties can not, even by mutual consent, give to the court, as such, jurisdiction in a matter which is excluded by the laws of the land may be regarded as a settled axiom. All their powers are derived from this source. Hence the inevitable conclusion that one of the parties cannot give jurisdiction by his own act. And on this principle it has been held that plaintiff can not release or abandon a part of his demand and maintain an action in a summary jurisdiction for the balance." Bent vs. Groves, 14 S. C. L. 280; Rotan Grocery Co. vs. Missouri, etc., R. Co. 142 S. W. 623, 15 C. J. 777.

There is, however, authority, perhaps the weight of authority, to the contrary.

"So a justice of the peace has power to allow an amendment of a writ returnable before trial reducing the ad damnum to a sum within his jurisdiction where he has jurisdiction over the parties and the subject matter." Hart vs. Waitt, 3 Allen 532; Dix vs. Huntress, 3 Allen 534; Converse vs. Damariscotta Bank, 15 Me. 435, quoted in L. R. H., Vol. 28, p. 229.

In 7 R. C. L., p. 1056, the rule is stated to be:

"While a remission of a part of a claim is usually made by a voluntary credit before suit, or by bringing suit for a less amount than the whole, still it may be made during the pendency of the action as well as before its commencement."

We have concluded to follow what we consider as the better opinion as expressed by the courts which uphold the right of a litigant to amend his petition by waiving the excess claimed. Under our system there is no doubt that plaintiff can waive the excess in his petition, in fact, will be held to have done so if he sues for less than is due him, in order to confer jurisdiction. We see no good reason to deny the right to amend after the filing of the suit particularly before issue joined.

On the merits the case is with plaintiff to the extent of sixty dollars admitted by defendants to be due and no more. The policy provides (Paragraph j): "Disability or illness resulting wholly or in part from tuberculosis, rheumatism, Bright's disease, paralysis, lumbago, cancer, sciatica, neuritis, dementia or from any chronic disease, the limit of the company's liability shall be one month as provided under Paragraph (g) and (h), anything herein to the contrary notwithstanding." Paragraph (g) fixes the indemnity due for illness at sixty dollars per month and (h) need not be considered.

According to her physician plaintiff was a very sick woman. She had "an infection of the pleura", "intercostal neuralgia". She was also "pyogonic due to pus-forming bacteria". She had "possible oedema of the lungs" and she certainly had oedema of the legs", which the doctor is good enough to explain as a condition in which "her legs become water-logged". She was also troubled with acute neuritis and threatened with "some lesion of the kidney" and "it would not be long before tuberculosis would develop", and finally, in the words of the doctor: "Every organ in her body right now, even her brain", was not working properly. It is small wonder that her doctor, after detailing all her illnesses, in esse and in posse, and describing her symptoms should admit her condition to be incurable. To our untutored minds, it would seem, without the doctor's word for it, that medical science must "pale its ineffectual fires" before the lamentable figure of this sorely afflicted plaintiff.

The judgment appealed from must be amended by reducing the amount awarded plaintiff to sixty dollars and it is so ordered.